

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Laura C. Williams**
*Assistant Corporation Counsel*
phone: (212) 356-2435
fax: (212) 356-2439
email: lawillia@law.nyc.gov

May 13, 2022

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Annam, et al. v. City of New York, et al.</u>
               No. 22 Civ. 02945 (LGS)

Dear Judge Schofield:

      I am the Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent defendants City of New York, New York City Department of Buildings ("DOB"), New York City Department of Investigation ("DOI"), and thirteen of twenty-one individually named defendants ("City Defendants")[1], in the above-captioned proceeding. Pursuant to Rules III.A.1 and III.C.2 of Your Honor's Individual Rules, Defendants respectfully request a pre-motion conference regarding Defendants' anticipated motion to dismiss the Complaint in its entirety. Plaintiff Annam, a former employee at DOB, and Plaintiff Afroz allege violations of the Equal Protection Clauses of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 ("§ 1983") and Article I, § 11 of the New York State Constitution; substantive and procedural due process violations in violation of the Due Process Clause of the Fourteenth Amendment pursuant to § 1983; retaliation under § 1983; race and national origin discrimination in violation of New York City Administrative Code § 8-107 ("CHRL") and New York State Executive Law § 296 ("SHRL"); and common law claims of abuse of process, tortious interference with contract, negligence, intentional infliction of emotional distress, negligence in hiring, training, and supervision. <u>See</u> Compl., ECF Dkt. No. 1-1.

---

[1] This Office does not yet represent defendants Timothy E. Hogan, Matthew Millner, Yegal Shamash, Geoffrey B. Eisele, Richard Brower, Steven M. Lore, Joseph Ackroyd and Kevin Schultz, and respectfully requests, without appearing on their behalf, a two-week extension of time for these defendants to respond to the Complaint while this Office completes its representation determination pursuant to N.Y. General Municipal Law 50-k. Plaintiffs' counsel consents to this request.

As an initial matter, several of Plaintiffs' claims are barred by the applicable statutes of limitations. See N.Y. Gen. Mun. Law § 50-i; Rentas v. Ruffin, 816 F.3d 214, 226 (2d Cir. 2016) (Common law claims against the City is one year plus 90 days); Daniels v. City of N.Y., 17-9960 (LGS), 2019 US DIST LEXIS 8604, at *7 (S.D.N.Y. Jan. 17, 2019) (three-year statute of limitations for § 1983, SHRL and CHRL claims).

A. **Section 1983, SHRL and CHRL Discrimination and Retaliation and New York Constitution Claims**

To assert a § 1983 discrimination claim against Defendants, Plaintiffs must demonstrate that "a government [], under color of some official policy, "causes" an employee to violate another's constitutional rights." Harper v. City of N.Y., 424 F. App'x 36, 38 (2d Cir. 2011) (internal quotation omitted). Here, Plaintiffs do not refer to any specific policy of Defendants, but merely allege, in broad and conclusory fashion, that "widespread tolerance of harassment and retaliation constituted a municipal policy, practice or custom" Compl. ¶131. As such, Plaintiffs' §1983 claims must be dismissed as consisting of nothing more than "general and conclusory allegation[s] of a municipal policy or custom". Green v. Dep't of Educ. of N.Y., 16 F.4th 1070, 1077 (2d Cir. 2021) (internal citation omitted). Furthermore, the Complaint does not allege that *any* of the twenty-one individually named Defendants possess final policymaking authority that would be "sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." Jones v. Town of E. Haven, 691 F.3d 72, 81 (2d Cir. 2012) (internal citation omitted).

In addition, even if Plaintiffs had adequately alleged municipal liability, they still fail to plausibly state a cause of action under § 1983. First, the Complaint offers no facts to support Plaintiffs' bald claims of discrimination and harassment on the basis of race or national origin, or their claims of retaliation. See Compl. ¶¶59, 123, 131, 143; Ruiz v. Cty. of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010). As the Equal Protection Clause of the New York Constitution is "coextensive" with that of the federal constitution, this claim must also be dismissed. See Selevan v. New York Thruway Authority, 584 F.3d 82, 88 (2d Cir. 2009). Moreover, Plaintiffs do not plead any facts that suggest that establish a causal connection between any timely alleged adverse actions and any timely alleged protected activity and, indeed, even state that no retaliatory adverse actions took place at all. See Compl. ¶¶36, 38, 40, 45; Vega v. Hempstead Union Free Sch. Dist. 801 F.3d 72, 91 (2d Cir. 2015). Plaintiffs' claims for discrimination and retaliation under the SHRL and CHRL should similarly be dismissed, as they do not plead any facts that establish an inference of discrimination or a causal connection between any alleged protected activity and an alleged adverse action. See Daniels, 2019 US DIST LEXIS 8604, at *10, 14; Mihalik v. Credit Agricole Cheuvreux N. Am. Inc., 715 F.3d 102, 110 (2d Cir. 2013).

In addition, nowhere in Plaintiffs' lengthy Complaint do they identify any "liberty or property interest interfered with by the State", nor do they allege that they were deprived of *any* rights without constitutionally sufficient process. Kentucky Department of Correction v. Thompson, 490 U.S. 454, 460 (1989). Plaintiffs do not sufficiently allege either a property interest in Plaintiff Annam's employment, or that he was deprived of such employment without process. See Compl. To the extent Plaintiffs claim that DOB's alleged inspections of, and interference with, planned construction on their properties constitutes a deprivation of property rights, Plaintiffs' claims must fail. See generally Hirsch v. City of New York, 300 F.Supp.3d 501, 511 (S.D.N.Y 2018) (finding "vague reference to state intrusion in his residence" insufficient to allege deprivation of a property interest).

**B.      Common Law Claims**

Plaintiffs additionally bring several common laws claims, all of which must be dismissed. First, Plaintiffs allege abuse of process. See Lewis v. Snow, 2003 U.S. Dist. LEXIS 15700, at *39 (S.D.N.Y. 2003). Plaintiffs allege, among other things, that certain Defendants fabricated an evaluation report regarding Plaintiff Annam; that the same Defendants failed to recuse themselves from the audit process of Plaintiffs' Primary Residence and their renovations on that home; that certain Defendants commenced a wrongful inspection of Plaintiffs' Secondary Residence; and that certain Defendants made it more difficult to obtain employment at another agency. See Compl. ¶85. Here, the Complaint does not allege that either Plaintiff Annam's negative evaluation, or the inspection of the Plaintiffs' Primary and Secondary residences, occurred in order to obtain a collateral objective. See Lewis, 2003 US Dist LEXIS 15700, at *27. With respect to the inspection, Plaintiffs' lone allegation is that their properties were subjected to inspection, and that they did not agree with the process. See Compl. ¶¶85, 67-70. Lastly, Plaintiff Annam alleges that he was transferred at work. Id. ¶60. However, this allegation, without more, is not sufficient to meet the pleading standard for an abuse of process claim. Plaintiffs cite to the same allegations, among others, as the basis for a negligence claim. See Boria v. Port Auth. of New York & New Jersey, 95-4912, 1998 U.S. Dist. LEXIS 23132, at *7 (E.D.N.Y. 1998). Aside from Plaintiffs' conclusory statements that the above actions have caused them "economic loss, emotional distress, humiliation, and mental anguish", the Complaint offers no facts to even suggest how these constituted a breach of duty owed to the Plaintiffs. See id. at *7.

Second, Plaintiffs allege tortious interference with contract. See Compl. ¶¶96-101; Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 424 (1996). Here, Plaintiffs allege that several Defendants interfered with their contact with engineer KNF to complete renovations at their Primary Residence. See Compl. ¶¶63, 96, 98-99. Plaintiffs' only support for this claim is that DOB conducted an audit at the Primary Residence that Plaintiffs believe was improperly conducted. Id. ¶¶49, 53, 56-57, 63, 98 Plaintiff further asserts that Defendant Shamash allegedly behaved "unprofessionally," without providing any more detail, during a meeting with KNF. Id. ¶63. Furthermore, nowhere in the Complaint do Plaintiffs allege that Defendants intentionally procured a breach of contract with KNF or any other third party.  See Compl.

Third, Plaintiffs allege intentional infliction of emotional distress ("IIED"). See Benn v City of N.Y., 2021 US Dist LEXIS 140913, at *18 (S.D.N.Y. 2021). The Complaint contains no factual allegations regarding emotional distress, much less the "severe emotional distress" required to establish a claim for IIED. Rather, the Complaint merely contains boiler plate language that the Plaintiffs were suffering from "emotional distress," "emotional injuries," and "severe emotional distress." Compl. ¶108. Fourth, Plaintiffs allege negligent hiring, training, and supervision. See Hollins v City of N.Y., 2014 US Dist LEXIS 183076, at *29-30 (S.D.N.Y. Mar. 3, 2014). Here, Plaintiffs have not alleged that the City, Garnett, or LaRocca knew about any of the conduct that is alleged to have occurred by DOB and DOI employees. See Compl. The Plaintiffs' allegations also demonstrate that the individual Defendants were acting in the course of their employment when the alleged injuries to Plaintiffs occurred. As such, Plaintiffs' claim for Negligence in Hiring, Training, and Supervision should be dismissed.

Accordingly, the Complaint should be dismissed with prejudice in its entirety. Pursuant to Rule III.C.2 of Your Honor's Rules, Defendants propose the following briefing schedule for the motion: (1) Defendants shall serve its motion to dismiss the Complaint by June 27, 2022; (2) Plaintiffs shall serve any opposition by July 18, 2022; and (3) Defendants shall serve their reply by August 1, 2022.

Respectfully submitted,

/s/
By:     Laura C. Williams
Assistant Corporation Counsel

/s/
By:     Stephen M. Suhovsky
Assistant Corporation Counsel

cc:     All Counsel of Record (by ECF)