*26 Court Street*
*Suite 603*
*Brooklyn, N.Y. 11242*

**DNIS**
**DAVIS, NDANUSA, IKHLAS & SALEEM, LLP**

*Tel: (718) 783-6819*
*Fax: (855) 852-4742*
*www.dnislaw.com*

**VIA ECF**  May 23, 2022

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

     Re:    <u>Annam, et al. v. City of New York, et al.</u>
               22-CV-02945 (LGS)

Dear Judge Schofield:

       This law firm represents the Plaintiff in this matter. Pursuant to Your Honor's Individual Rules section III(A)(1) and this court's order dated May 16, 2022, I submit this supplemental response to Defendants' letter motion for permission to move to dismiss the instant action.

       The causes of action alleged in the complaint are as follows: (1) abuse of process, (2) tortious interference with a contract, (3) negligence, (4) intentional infliction of emotional distress, (5) negligence in hiring, training, and supervision, (6) violation of equal rights pursuant to 42 U.S.C. §1983, (7) violation of due process pursuant to 42 U.S.C. §1983, (8) deprivation of procedural and substantive due process pursuant to 42 U.S.C. §1983, (9) violation of Civil Rights Act of 1871 pursuant to 42 U.S.C. §1983, (10) violation of Article I, § 11 of the New York Constitution, (11) violation of rights protected under New York City Administrative Code §8-107(1) (NYCHRL), and (12) violation of rights protected under the New York State Executive Law §296 (NYSHRL).

## **SECTION 1983, NYSHRL, NYCHRL AND NEW YORK CONSTITUTION CLAIMS**

       In order to prevail on a §1983 claim, Plaintiff must show some official policy that causes an employee to violate another's constitutional right. <u>Harper v. City of N.Y.</u>, 424 F. App'x 36, 38 (2d Cir. 2011). In <u>Harper</u>, the complaint only alleged that, "with the coordination and cooperation of the City of New York and the New York City Police Department, and through the New York City Police Department's pattern of illegal and false arrest, without probable cause, through a continuing series of harassing incidents, false arrests, and false charges lodged against him, without probable cause, [Harper] had his Civil Rights grossly violated." <u>Id</u>. at 38. Whereas here, Plaintiffs adequately summarized their "lengthy" complaint and the deprivation of their constitutional rights by stating that the Defendants engaged in wanton and willful acts of "(1) drafting a false and inaccurate evaluation report about [Plaintiff Khairul] Annam, (2) for continuously failing to recuse themselves from the audit process at the Primary Residence, (3) for violating, obstructing, and harassing Plaintiffs and their right to construct and/or renovate their own home at the Primary Residence, (4) for baseless and meritless inspections at the Secondary

Residence that served no purpose but to harass the Plaintiffs, (5) for harassing Annam by effectively forcing him to switch units at the DOB when he was in the best position for a promotion within his previous CSE unit, (6) for continuing to harass Annam at the CSC by making him switch cubicles 11 times in one year without adequate and/or reasonable justification, and (7) for making it difficult for Annam to obtain new employment without harassment from Defendants." Compl. ¶85. Needless to say, Plaintiffs' complaint methodically elaborates these facts in the complaint as well. Compl. ¶¶ 35-82. For the purposes of a motion to dismiss, a careful review of these facts would reveal that, in addition to municipal liability, Defendants discriminated and harassed the Plaintiffs on the basis of race or national origin, and that many of Defendants' actions were retaliatory in nature. "To survive a motion to dismiss, the facts alleged in the complaint 'need only give plausible support to a minimal inference of discriminatory motivation.'" Daniels v City of NY, 2019 US Dist LEXIS 8604, at *10 (SDNY 2019) (internal citation omitted). Not only do these facts apply to the abuse of process cause of action, but they were repeated and realleged into every cause of action. See Compl., generally.

Additionally, the nature of Defendants' policies may not be fully appreciated until after discovery.

## **COMMON LAW CLAIMS**

Defendants categorically miscategorized Plaintiffs' common law causes of actions as well. For example Defendants claim that the Abuse of Process cause of action should fail due to their claim that the complaint didn't allege a collateral objective. In fact, the complaint states that, *inter alia*, "Defendants also abused their position of power and/or authority to harass Annam at work and to make it difficult for Annam to obtain work elsewhere." Compl. ¶ 91. Since "the employer … provided no reasonable avenue of complaint or knew of the harassment and did nothing about it." (Lewis v. Snow, 2003 U.S. Dist. LEXIS 15700, at *27[(S.D.N.Y. 2003]), the facts alleged objectively indicate harassment by the defendants. Therefore, Abuse of Process is sufficiently plead.

Plaintiffs' claims for tortious interference with a contract is also sufficiently plead at this stage, as the Defendants misrepresent the complaint yet again. Defendants failed to acknowledge the fact that the Plaintiffs' engineers stated that their resignation was due to Defendant Shamash's behavior and KNF believed that the audit will never finish. Compl. ¶ 63. Furthermore, Plaintiffs explicitly state in the Complaint that, "Defendants knowingly, intentionally, and maliciously interfered with that expectation by, inter alia, producing false, misleading, and contradictory reasons to initiate and continue the audit at the Primary Residence." Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 424 (1996). Accordingly, tortious interference with a contract is sufficiently plead.

Defendants pattern of misstating the complaint continued when they claimed that Plaintiffs' cause of action for intentional infliction of emotional distress ("IIED") lacked factual allegations of emotional distress. Considering the fact that each and every allegation in the above referenced paragraphs were incorporated into this cause of action, it should go without saying that the harassment that the Defendants inflicted upon the Plaintiffs would cause any reasonable individual to experience severe emotional distress. Benn v City of N.Y., 2021 US Dist LEXIS 140913, at *18 (S.D.N.Y. 2021). Accordingly, IIED is sufficiently plead.

Defendants also misrepresent Plaintiffs' cause of action for negligent hiring, training, and supervision by claiming that City, Garnett, or LaRocca did not know about any of the conduct that

is alleged to have occurred by DOB and DOI employees. However, as stated in the complaint, Plaintiffs informed the City, Garnett and LaRocca of the circumstances regarding the harassment conducted by the Defendants. Compl. ¶ 76 and ¶ 81. Defendants then continue to make the conclusory statement that the individual Defendants were acting in the court of their employment, however, the Defendant provides no explanation of how harassment falls within their course of employment. Hollins v City of N.Y., 2014 US Dist LEXIS 183076, at *29-30 (S.D.N.Y. Mar. 3, 2014). Therefore, for negligent hiring, training, and supervision is sufficiently plead.

**AMENDED COMPLAINT**

Should this Court grant Defendants' request to move for dismissal, Plaintiffs respectfully requests an opportunity to amend their complaint to correct defects as to their claims.

Finally, Defendants' attempt to move to dismissal may be premature given that Defense counsel has not yet determined if it will defend all of the defendants in this action.

Respectfully submitted,

/S/
Mustapha Ndanusa


Cc:   Laura C. Williams, via email.
      Stephen M. Suhovsky, via email
      *Attorney for Defendants*