

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**L**AW **D**EPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Laura C. Williams**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2435<br>fax: (212) 356-2439<br>email: lawillia@law.nyc.gov |

June 17, 2022

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>Annam, et al. v. City of New York, et al.</u>
                No. 22 Civ. 02945 (LGS)

Dear Judge Schofield:

      I am the Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent Defendants[1] in the above-captioned proceeding. Pursuant to Rules III.A.1 and III.C.2 of Your Honor's Individual Rules and Procedures, Defendants respectfully request a pre-motion conference regarding Defendants' anticipated motion to dismiss the First Amended Complaint ("FAC") in its entirety. Plaintiff Annam, a former employee at DOB, and Plaintiff Afroz allege violations of the Equal Protection Clauses of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 ("§ 1983") and Article I, § 11 of the New York State Constitution; substantive and procedural due process violations in violation of the Due Process Clause of the Fourteenth Amendment pursuant to § 1983; retaliation under § 1983; race and national origin discrimination in violation of New York City Administrative Code § 8-107 ("CHRL") and New York State Executive Law § 296 ("SHRL"); and common law claims of abuse of process, tortious interference with contract, negligence, intentional infliction of emotional distress, negligence in hiring, training, and supervision. <u>See</u> FAC, ECF Dkt. No. 14.

      As an initial matter, several of Plaintiffs' claims are barred by the applicable statutes of limitations. <u>See</u> N.Y. Gen. Mun. Law § 50-i; <u>Rentas v. Ruffin</u>, 816 F.3d 214, 226 (2d Cir. 2016) (Common law claims against the City is one year plus 90 days); <u>Daniels v. City of N.Y.</u>, 17-9960 (LGS), 2019 US DIST LEXIS 8604, at *7 (S.D.N.Y. Jan. 17, 2019) (three-year statute of limitations for § 1983, SHRL and CHRL claims).

---

[1] This Office now represents all individually named defendants in this action, with the exception of Ross Hoffman who, upon information and belief, is deceased.

**A.     Section 1983, SHRL and CHRL Discrimination and Retaliation and New York Constitution Claims**

To assert a § 1983 discrimination claim against Defendants, Plaintiffs must demonstrate that "a government [], under color of some official policy, "causes" an employee to violate another's constitutional rights." Harper v. City of N.Y., 424 F. App'x 36, 38 (2d Cir. 2011) (internal quotation omitted). Here, Plaintiffs allege, in broad and conclusory fashion, that "Defendants regularly discriminate against African American and other DOB employees of color based solely on their ethnic background and because they are not Caucasian or white" FAC ¶135. As such, Plaintiffs' §1983 claims must be dismissed as consisting of nothing more than "general and conclusory allegation[s] of a municipal policy or custom". Green v. Dep't of Educ. of N.Y., 16 F.4th 1070, 1077 (2d Cir. 2021) (internal citation omitted). Furthermore, the Complaint does not allege that *any* of the twenty-one individually named Defendants possess final policymaking authority that would be "sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." Jones v. Town of E. Haven, 691 F.3d 72, 81 (2d Cir. 2012) (internal citation omitted).

In addition, even if Plaintiffs had adequately alleged municipal liability, they still fail to plausibly state a cause of action under § 1983. To the extent Plaintiffs' claim that Plaintiff Annam was discriminated against "based solely on [his] ethnic background" is timely, the FAC offers no additional facts that suggest that Plaintiff Annam suffered an adverse employment action *because of* his protected characteristics. See FAC ¶135; Ruiz v. Cty. of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010). As the Equal Protection Clause of the New York Constitution is "coextensive" with that of the federal constitution, this claim must also be dismissed. See Selevan v. New York Thruway Authority, 584 F.3d 82, 88 (2d Cir. 2009). Moreover, Plaintiffs do not plead any facts that establish a causal connection between any timely alleged adverse actions and any timely alleged protected activity and, indeed, even state that no retaliatory adverse actions took place at all. See FAC ¶¶41, 48; Vega v. Hempstead Union Free Sch. Dist. 801 F.3d 72, 91 (2d Cir. 2015). Plaintiffs' claims for discrimination and retaliation under the SHRL and CHRL should similarly be dismissed, as they do not plead any facts that establish an inference of discrimination or a causal connection between any alleged protected activity and an alleged adverse action. See Daniels, 2019 US DIST LEXIS 8604, at *10, 14; Mihalik v. Credit Agricole Cheuvreux N. Am. Inc., 715 F.3d 102, 110 (2d Cir. 2013).

In addition, nowhere in Plaintiffs' lengthy Complaint do they identify any "liberty . . . interest interfered with by the State", nor do they allege that they were deprived of *any* liberty interest without constitutionally sufficient process. Kentucky Department of Correction v. Thompson, 490 U.S. 454, 460 (1989); see FAC ¶145. Plaintiffs' allegations that they have been deprived of a property interest also fail, as the FAC does not sufficiently allege either a property interest in Plaintiff Annam's employment, or that he was deprived of such employment without process. See Compl. To the extent Plaintiffs claim that DOB's alleged inspections of, and interference with, planned construction on their properties constitutes a deprivation of property rights, Plaintiffs' claims must fail. See FAC ¶¶142-144; see generally Hirsch v. City of New York, 300 F.Supp.3d 501, 511 (S.D.N.Y 2018) (finding "vague reference to state intrusion in his residence" insufficient to allege deprivation of a property interest).

**B.     Common Law Claims**

Plaintiffs additionally bring several common laws claims, all of which must be dismissed. First, Plaintiffs allege abuse of process. See Lewis v. Snow, 2003 U.S. Dist. LEXIS 15700, at *39 (S.D.N.Y. 2003). Plaintiffs allege, among other things, that certain Defendants

fabricated a performance evaluation report for Plaintiff Annam; that the same Defendants failed to recuse themselves from the audit process of Plaintiffs' Primary Residence and their renovations on that home; that certain Defendants commenced a wrongful inspection of Plaintiffs' Secondary Residence; and that certain Defendants made it more difficult to obtain employment at another agency. See FAC ¶88. As an initial matter, several of the complained of actions do not qualify as "process" for purposes of an abuse of process claim. See Williams v. Williams, 23 N.Y.2d 592, 596 (1969) (defining process as a "direction or demand that the person to whom it is directed shall perform or refrain from the doing of some prescribed act") (internal citation omitted). To the extent process is plausibly pled, Plaintiffs merely assert conclusory allegations that such process was abused "in order to obtain a collateral objective, which was to harass the Plaintiffs and their children." See FAC ¶93. However, the FAC is devoid of facts which support this contention and, furthermore "a malicious motive alone . . . does not give rise to a cause of action for abuse of process". Curiano v. Suozzi, 469 N.E.2d 1324, 1327 (1984). Plaintiffs cite to the same allegations, among others, as the basis for a negligence claim. See Boria v. Port Auth. of New York & New Jersey, 95-4912, 1998 U.S. Dist. LEXIS 23132, at *7 (E.D.N.Y. 1998). Aside from Plaintiffs' conclusory statements that the above actions have caused them "economic loss, emotional distress, humiliation, and mental anguish", the Complaint offers no facts to even suggest how these constituted a breach of duty owed to the Plaintiffs. See id. at *7.

   Second, Plaintiffs allege tortious interference with business relations. See FAC ¶¶123-130; Law Offs. of Ira H. Leibowitz v. Landmark Ventures, Inc., 131 A.D.3d 583, 585-86 (2015). Here, Plaintiffs allege that several Defendants interfered with their business relationship with engineering firm Wexler Associates in connection with their residence renovations. See FAC ¶¶67, 124-128. Plaintiffs allege "upon information and belief" that Defendant Shamash "instructed Wexler Associates to decline Annam's job offer". Id. ¶67. However, this allegation falls far short of "wrongful means" or action "for the sole purpose of harming the other party", which are required establish tortious interference with business relations. See Law Offs., 131 A.D.3d at 585.

   Third, Plaintiffs allege intentional infliction of emotional distress ("IIED"). See Benn v City of N.Y., 2021 US Dist LEXIS 140913, at *18 (S.D.N.Y. 2021). The Complaint contains no factual allegations regarding emotional distress, much less the "severe emotional distress" required to establish a claim for IIED. Rather, the Complaint merely contains boiler plate language that the Plaintiffs were suffering from "emotional distress," "emotional injuries," and "severe emotional distress." FAC. ¶111. Fourth, Plaintiffs allege negligent hiring, training, and supervision. See Hollins v City of N.Y., 2014 US Dist LEXIS 183076, at *29-30 (S.D.N.Y. Mar. 3, 2014). Here, Plaintiffs have not alleged that the City, Garnett, or LaRocca knew about any of the conduct that is alleged to have occurred by DOB and DOI employees. See FAC. The Plaintiffs' allegations also demonstrate that the individual Defendants were acting in the course of their employment when the alleged injuries to Plaintiffs occurred. As such, Plaintiffs' claim for Negligence in Hiring, Training, and Supervision should be dismissed.

   Accordingly, the Complaint should be dismissed with prejudice in its entirety. Pursuant to Rule III.C.2 of Your Honor's Rules, Defendants propose the following briefing schedule for the motion: (1) Defendants shall serve their motion to dismiss the Complaint by July 29, 2022; (2) Plaintiffs shall serve any opposition by August 19, 2022; and (3) Defendants shall serve their reply by September 9, 2022.

Respectfully submitted,

/s/
By:     Laura C. Williams
Assistant Corporation Counsel

/s/
By:     Stephen M. Suhovsky
Assistant Corporation Counsel

cc:     All Counsel of Record (by ECF)