*26 Court Street*                    **DNIS**                    *Tel:  (718) 783-6819*
*Suite 603*                                                      *Fax: (855) 852-4742*
*Brooklyn, N.Y. 11242*   **DAVIS, NDANUSA, IKHLAS & SALEEM, LLP**   *www.dnislaw.com*

**VIA ECF**                            June 24, 2022

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

            Re:    <u>Annam, et al. v. City of New York, et al.</u>
                   22-CV-02945 (LGS)

Dear Judge Schofield:

        This law firm represents the Plaintiff in this matter. Pursuant to Your Honor's Individual
Rules section III(A)(1) and this court's order dated June 21, 2022, I submit this supplemental
response to Defendants' letter motion for permission to move to dismiss the instant action.

        The causes of action alleged in the First Amended Complaint are as follows: (1) abuse of
process, (2) tortious interference with a contract, (3) negligence, (4) intentional infliction of
emotional distress, (5) negligence in hiring, training, and supervision, (6) tortious interference with
business relations, (7) violation of Equal Protection pursuant to 42 U.S.C. §1983, (8) deprivation
of Procedural and Substantive Due Process pursuant to 42 U.S.C. §1983, (9) violation of Civil
Rights Act of 1871 pursuant to 42 U.S.C. §1983, (10) violation of Article I, § 11 of the New York
Constitution, (11) violation of rights protected under New York City Administrative Code §8-
107(1) (NYCHRL), and (12) violation of rights protected under the New York State Executive
Law §296 (NYSHRL).

        As an initial matter, Defendants' statute of limitations defense is wholly without merit. On
or about March 20, 2020, Governor Cuomo issued Executive Order No. 202.8, providing in
pertinent part that, "**any specific time limit for the commencement, filing, or service of any
legal action**, notice, motion, or other process or proceeding, as prescribed by the procedural laws
of the state, including but not limited to the … civil practice law and rules … or by any other
statute, local law, ordinance, order, rule, or regulation, or part thereof, **is hereby tolled** from the
date of this executive order until April 19, 2020." **Emphasis added**.  Thereafter, Governor Cuomo
issued a series of subsequent Executive Orders which extended the suspension or tolling period
set forth in Executive Order No. 202.8 through and including November 3, 2020.  Please see
Executive Order No. 202.67. <u>See</u>, <u>also</u>, <u>Brash v Richards</u>, 195 AD3d 582 (2d Dept 2021) (<u>citing
Foy v. State of New York</u>, 71 Misc 3d 605 [Ct Cl 2021]).

        Furthermore, in considering a Rule 12(b)(6) motion, a Court accepts as true all material
facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. <u>Bolt
Elec., Inc. v. City of New York</u>, 53 F.3d 465, 469 (2d Cir. 1995). Motions to dismiss are granted
only if no set of facts can be established to entitle the plaintiff to relief. <u>Walker v. City of New
York</u>, 974 F.2d 293, 298 (2d Cir. 1992).

## SECTION 1983, NYSHRL, NYCHRL AND NEW YORK CONSTITUTION CLAIMS

In order to prevail on a §1983 claim, Plaintiff must show some official policy that causes an employee to violate another's constitutional right. Harper v. City of N.Y., 424 F. App'x 36, 38 (2d Cir. 2011). In Harper, the complaint only alleged that, "with the coordination and cooperation of the City of New York and the New York City Police Department, and through the New York City Police Department's pattern of illegal and false arrest, without probable cause, through a continuing series of harassing incidents, false arrests, and false charges lodged against him, without probable cause, [Harper] had his Civil Rights grossly violated." Id. at 38. Whereas here, Plaintiffs adequately alleged that the Defendants, "under color of some official policy, [caused] an employee to violate another's constitutional rights." Id. Specifically, Defendants demanded Plaintiff Annam to draft and write a falsified report about a registered architect because the architect was African American. See First Amended Complaint at ¶ 134. Furthermore, "Defendants regularly discriminate against African American and other DOB employees of color based solely on their ethnic background and because they are not Caucasian or white. Defendants additionally favor and promote Caucasian or white DOB employees for no legitimate reason or basis other than their ethnic background." See First Amended Complaint at ¶ 135. "To survive a motion to dismiss, the facts alleged in the complaint 'need only give plausible support to a minimal inference of discriminatory motivation.'" Daniels v City of NY, 2019 US Dist LEXIS 8604, at *10 (SDNY 2019) (internal citation omitted).

Additionally, Plaintiff Annam's *opposition to engage in Defendants' discriminatory practice* directly caused the chain of events that led to Plaintiff Annam suffering an adverse employment action. Specifically, "Defendants retaliated against Annam by forcing him to switch to a less prestigious role with the CSC, rather than being promoted to the assistant chief engineer of the CSE. Plaintiff Annam was overqualified, and the most qualified candidate, to fulfill the position of assistant chief engineer of the CSE. Once transferred to the CSE, Defendants moved Annam's cubicle 11 times within one year for no legitimate reason other than to harass Annam." See First Amended Complaint at ¶ 136.

Furthermore, Plaintiffs were deprived of their property interests in their Primary and Secondary residences without constitutionally sufficient processes. The stop work orders and baseless audits at the Plaintiffs' Primary Residence all violated the Department of Buildings' ("DOB") regulations as the audit team was required to recuse themselves. See First Amended Complaint at ¶ 59, 88, 90, and 106(ii). Defendants also violated other internal policies, such as , among others, issuing the stop work order itself. The DOB's Construction Safety Enforcement Unit may issue violations *but cannot issue stop work orders* on construction sites where over ninety (90%) percent of the work is complete, as was the case here. See First Amended Complaint at ¶ 52. Also, regarding the Secondary Residence, the DOB's director of boiler unit informed Plaintiff Annam to contact the local police department because the inspection as the secondary residence was considered unlawful. See First Amended Complaint at ¶ 71. Plaintiff Annam even brought these issues to the attention of DOB's commissioner, Defendant LaRocca, who ultimately just ignored Annam's concerns and enabled the Defendants' discriminatory practices to continue. See First Amended Complaint at ¶ 79.

## COMMON LAW CLAIMS

Defendants also categorically miscategorized Plaintiffs' common law causes of actions as well. For starters, Defendants claim that the Abuse of Process cause of action should fail due to their claim that the First Amended Complaint didn't allege a collateral objective. In fact, the First Amended Complaint states that, *inter alia*, "Defendants own collateral object[ive] also included the abuse of their position of power and/or authority to harass Annam at work and to make it difficult for Annam to obtain work elsewhere." See First Amended Complaint at ¶ 94. Since "the employer … provided no reasonable avenue of complaint or knew of the harassment and did nothing about it." (Lewis v. Snow, 2003 U.S. Dist. LEXIS 15700, at *27[(S.D.N.Y. 2003]), the facts alleged objectively indicate harassment by the defendants. Additionally, "[t]he gist of the action for abuse of process lies in the improper use of process after it is issued. To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough. (Rogers v. Brewster, 5 Johns. 125; Baldwin v. Weed, 17 Wend. 224.). Accordingly, the audit process at the Primary Residence and the improper inspections at the Secondary Residence were such "processes" that were perverted to accomplish an improper purpose. Therefore, Abuse of Process is sufficiently plead.

Plaintiffs' claims for tortious interference with a contract and with business relations are also sufficiently plead at this stage, as the Defendants misrepresent the First Amended Complaint yet again. Defendants failed to acknowledge the fact that the Plaintiffs' engineers stated that their resignation was due to Defendant Shamash's behavior and KNF believed that the audit will never finish. See First Amended Complaint at ¶ 66. Furthermore, Plaintiffs explicitly, "Defendants knowingly, intentionally, and maliciously interfered with that expectation by, inter alia, producing false, misleading, and contradictory reasons to initiate and continue the audit at the Primary Residence." See First Amended Complaint at ¶ 101; Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 424 (1996). Accordingly, tortious interference with a contract and with business relations are sufficiently plead.

Defendants pattern of misstating the First Amended Complaint continued when they claimed that Plaintiffs' cause of action for intention infliction of emotional distress ("IIED") lacked factual allegations of emotional distress. Considering the fact that each and every allegation in the above referenced paragraphs were incorporated into this cause of action, the harassment that the Defendants inflicted upon the Plaintiffs would cause any reasonable individual to experience severe emotional distress. Benn v City of N.Y., 2021 US Dist LEXIS 140913, at *18 (S.D.N.Y. 2021). Accordingly, IIED is sufficiently plead.

Defendants also misrepresent Plaintiffs' cause of action for negligent hiring, training, and supervision by claiming that City, Garnett, or LaRocca did not know about any of the conduct that is alleged to have occurred by DOB and DOI employees. However, as stated in the First Amended Complaint, Plaintiffs informed the City, Garnett and LaRocca of the circumstances regarding the harassment conducted by the Defendants. See First Amended Complaint at ¶ 79 and 84. Defendants then continue to make the conclusory statement that the individual Defendants were acting in the court of their employment, however, the Defendant provides no explanation of how harassment falls within their course of employment. Hollins v City of N.Y., 2014 US Dist LEXIS 183076, at *29-30 (S.D.N.Y. Mar. 3, 2014). Therefore, for negligent hiring, training, and supervision is sufficiently plead.

Accordingly, Defendants' proposal to file a Motion to Dismiss must be denied in its entirety.

Respectfully submitted,

_____/S/_____
Mustapha Ndanusa


Cc:     Laura C. Williams, via email.
        Stephen M. Suhovsky, via email
        *Attorney for Defendants*