No. 22 Civ. 02945 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHAIRUL ANNAM and NAHEED AFROZ,

Plaintiffs,

– against –

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF BUILDINGS, MELANIE E. LA
ROCCA, Commissioner, TIMOTHY E. HOGAN,
MATTHEW MILLNER, LEONID MILLER, YEGAL
SHAMASH, GEOFFREY B. EISELE, JOSEPH
ACKROYD, KEVIN SCHULTZ, MATTHEW DIBONO,
LISTORIEL VASQUEZ,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-102*
*New York, New York 10007*

*Of Counsel:*
*Laura C. Williams*
*Stephen. M. Suhovsky*
*Tel: (212) 356-2435*
*Matter No.: 2022-016602*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 1

ARGUMENT .............................................................................................................. 7

      POINT I ......................................................................................................... 8

          DOB IS NOT A SUABLE ENTITY AND
          SHOULD BE DISMISSED FROM THIS
          PROCEEDING ............................................................................... 8

      POINT II ........................................................................................................ 8

          PLAINTIFFS' COMMON LAW CLAIMS MUST
          BE DISMISSED ............................................................................ 8

              A.   Claims Accruing More Than 90 Days Before
                  Plaintiffs Filed Their Notice of Claim Are
                  Time-Barred............................................................. 8

              B.   All of Plaintiffs' Common Law Claims Against
                  All Defendants Are Barred by the Applicable
                  Statutes of Limitations............................................. 9

              C.   Any Remaining Common Law Claims Must Be
                  Dismissed................................................................. 11

              D.   Plaintiffs' New York State Constitution Claim
                  Fails Because a Private Right of Action is
                  Unavailable to Plaintiffs ......................................... 13

      POINT III....................................................................................................... 13

          PLAINTIFFS' § 1983 CLAIMS MUST BE
          DISMISSED BECAUSE PLAINTIFFS HAVE
          FAILED TO PLAUSIBLY PLEAD MUNICIPAL
          LIABILITY................................................................................... 13

**Page**

POINT IV ...................................................................................................... 15

      PLAINTIFFS' §1983 DUE PROCESS CLAIMS
      MUST BE DISMISSED ................................................................... 15

POINT V ....................................................................................................... 16

      PLAINTIFFS' § 1983, SHRL AND CHRL
      DISCRIMINATION AND RETALIATION
      CLAIMS AND EQUAL PROTECTION CLAIM
      MUST BE DISMISSED ................................................................... 16

      A.  Legal Standard .................................................................... 16

      B.  Plaintiffs Fail to State a Claim of Race
            Discrimination Under the SHRL ....................................... 18

      C.  Plaintiffs Fail to State a Claim of Race
            Discrimination Under the CHRL ...................................... 22

      D.  Plaintiffs' Equal Protection Claims Fail ........................... 23

POINT VI ...................................................................................................... 24

      PLAINTIFFS' SECTION 1983 CLAIM FOR
      RETALIATION MUST BE DISMISSED FOR
      FAILURE TO STATE A CLAIM ........................................... 24

CONCLUSION ............................................................................................... 25

## **TABLE OF AUTHORITIES**

**Cases**                                                                                            **Page(s)**

Amofa v. Bronx-Lebanon Hosp. Ctr.,
    No. 05-CV-9230 (SHS),
    2006 U.S. Dist. LEXIS 83199 (S.D.N.Y. Nov. 13, 2006) ..................................................... 20

Anderson v. New York,
    614 F. Supp. 2d 404 (S.D.N.Y. 2009) ................................................................................ 22, 23

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ................................................................................................................. 7

Batista v. Rodriguez,
    702 F.2d 393 (2d Cir. 1983) .................................................................................................. 14

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ................................................................................................................. 7

Bickerstaff v. Vassar College,
    196 F.3d 435 (2d Cir. 1999) .................................................................................................. 21

Biro v. Condé Nast,
    807 F.3d 541 (2d Cir. 2015) .................................................................................................... 7

Board of Regents v. Roth,
    408 U.S. 564 (1972) ............................................................................................................... 16

Burlington Northern & Santa Fe Ry. v. White,
    548 U.S. 53 (2006) ................................................................................................................. 24

Butts v. N.Y. City of Dep't of Educ.,
    No. 16 Civ. 5504 (NGG)(RML),
    2018 U.S. Dist. LEXIS 170195 (S.D.N.Y. Sept. 28, 2018) .................................................. 20

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002) .................................................................................................... 1

Conyers v. Rossides,
    558 F.3d 137 (2d Cir. 2009) .................................................................................................. 23

Curiano v. Suozzi,
    63 N.Y.2d 113 (1984) ............................................................................................................ 12

Davey v. Jones,
    371 Fed. App'x 146 (2d. Cir. 2010) ...................................................................................... 17

**<u>Cases</u>**                                                                                         **<u>Page(s)</u>**

<u>Davidson v. Bronx Mun. Hosp.</u>,
    64 N.Y.2d 59 (1984) ............................................................................8

<u>Davis v. City of New York</u>,
    250 A.D.2d 368 (1st Dep't 1998) ..........................................................9

<u>De La Cruz v. City of New York</u>,
    221 A.D.2d 168 (1st Dep't 1995) ..........................................................9

<u>Dillon v. City of New York</u>,
    261 A.D.2d 34 (1st Dep't 1999) ...........................................................11

<u>Doe v. Columbia Univ.</u>,
    101 F. Supp. 3d 356 (S.D.N.Y. Apr. 21, 2015) ....................................18

<u>Dwares v. City of N.Y.</u>,
    985 F.2d 94 (2d Cir. 1993)....................................................................14

<u>Eckardt v. City of White Plains</u>,
    930 N.Y.S.2d 22 (2d Dep't 2011) .........................................................11

<u>Eifert v. Bush</u>,
    22 N.Y.2d 681 (1968) ...........................................................................11

<u>Ellis v. N.Y.C. Dep't of Educ.</u>,
    No. 19 Civ. 1441 (LAP),
    2020 U.S. Dist. LEXIS 42446 (S.D.N.Y. Mar. 11, 2020) ....................20

<u>Engquist v. Oregon Dep't of Agric.</u>,
    553 U.S. 591 (2008)..............................................................................23

<u>Ezagui v. City of N.Y.</u>,
    726 F. Supp. 2d 275 (S.D.N.Y. 2010)..............................................14, 15

<u>Faruki v. City of New York</u>,
    10 Civ. 9614 (LAP),
    2012 U.S. Dist LEXIS 47310 (S.D.N.Y. March 30, 2012) .....................8

<u>Feliciano v. City of N.Y.</u>,
    No. 14 Civ. 6751 (PAE),
    2015 U.S. Dist. LEXIS 92623 (S.D.N.Y. July 15, 2015) .....................15

<u>Fifth St. Fin. Corp. v Toll</u>,
    12 Civ. 5896 (ER),
    2013 US Dist LEXIS 100656 (S.D.N.Y. July 17, 2013) .......................12

**<u>Cases</u>**                                                                                                           **<u>Page(s)</u>**

<u>Galabya v. N.Y.C. Bd. of Educ.</u>,
    202 F.3d 636 (2d Cir. 2000),
    <u>cert. den.</u>, 568 U.S. 1144 (2013) ....................................................................................18, 19

<u>George v. N.Y. City Health and Hosp. Corp.</u>,
    No. 02 Civ. 1818 (AGS),
    2003 U.S. Dist. LEXIS 1927 (S.D.N.Y. Feb. 11, 2003).......................................................20

<u>Gonzalez v. City of New York</u>,
    845 F. App'x 11 (2d Cir. 2021)...............................................................................................24

<u>Gorokhovsky v. New York City Hous, Auth.</u>,
    552 Fed. Appx. 100 (2d Cir. 2014)..........................................................................................22

<u>Gorzynski v. JetBlue Airways Corp.</u>,
    596 F.3d 93 (2d Cir. 2010)......................................................................................................24

<u>Hall v. City of New York</u>,
    1 A.D.3d 254 (1st Dep't 2003) ..................................................................................................9

<u>Hernandez v. Dept of Sanitation</u>,
    18 Civ. 1808 (LGS),
    2018 U.S. Dist LEXIS 184906 (S.D.N.Y. Oct. 29, 2018) ......................................................21

<u>Hirsch v. City of New York</u>,
    300 F.Supp.3d 501 (S.D.N.Y 2018).........................................................................................16

<u>Hitchins v. New York City Dep't of Educ.</u>,
    11 Civ 4180, 2013 U.S. Dist. LEXIS 85696
    (E.D.N.Y. June 18, 2013) ........................................................................................................22

<u>Iwachiw v. City of New York</u>,
    2016 N.Y. Misc. LEXIS 775 (Sup. Ct. Feb. 24, 2016)...........................................................10

<u>Karoon v. New York City Transit Authority</u>,
    659 N.Y.S.2d 27 (1st Dep't 1997) ...........................................................................................11

<u>Kentucky Department of Correction v. Thompson</u>,
    490 U.S. 454 (1989),
    <u>abrogated on other grounds by</u>,
    <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).............................................................................15, 16

<u>Lakonia Management Ltd. v. Meriwether</u>,
    106 F. Supp. 2d 540 (S.D.N.Y. 2000).......................................................................................1

**Cases**                                                                 **Page(s)**

Lapaix v. City of New York,
  13 Civ. 07306 (LGS),
  2014 U.S. Dist. LEXIS 112265 (S.D.N.Y. Aug. 12, 2014)....................................17

Lauer v. City of New York,
  240 A.D.2d 543 (2d Dep't 1997) .........................................................................11

Lewis v. Snow,
  2003 U.S. Dist. LEXIS 15700 (S.D.N.Y. 2003)....................................................12

Littlejohn v. City of New York,
  795 F.3d 297 (2d. Cir 2015)..................................................................................24

Lucio v. N.Y.C. Dep't of Educ.,
  575 F. App'x 3 (2d Cir. 2014) ..............................................................................19

Malcom v. Honeoye Falls Lima Cent. Sch. Dist.,
  483 Fed. App'x 660 (2d Cir. 2012).......................................................................19

Markovic v. New York City Sch. Const. Auth.,
  99 Civ. 10339 (AGS),
  2002 U.S. Dist. LEXIS 214 (S.D.N.Y. Jan 8, 2002) .............................................21

Martinez v. City of Schenectady,
  97 N.Y.2d 78 (2001) .............................................................................................13

Massi v. Flynn,
  353 F. App'x 658 (2d Cir. 2009) ...........................................................................23

McDonnell Douglas Corp. v. Green,
  411 U.S. 792 (1973)........................................................................................16, 17

McMenemy v. City of Rochester,
  241 F.3d 279 (2d Cir. 2001)..................................................................................15

McMillan v. Dep't of Bldgs.,
  No. 12 Civ. 318 (ENV),
  2012 U.S. Dist. LEXIS 58671 (E.D.N.Y. Apr. 26, 2012) ........................................8

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
  715 F.3d 102 (2d Cir. 2013)..................................................................................17

Monell v. Dep't' of Sc. Servs.,
  436 U.S. 658 (1978)........................................................................................13, 14

**Cases**                                                                    **Page(s)**

Newsome v. IDB Capital Corp.,
  No. 13 Civ. 6576 (VEC),
  2016 U.S. Dist. LEXIS 40754 (S.D.N.Y. Mar. 28, 2016) ......................................................20

Olabopo v. Gomes,
  13 Civ. 5052 (RRM),
  2016 U.S. Dist. LEXIS 134521 (E.D.N.Y. Sept. 29, 2016) ....................................................8

Oneida Indian Nation of New York v. Madison County,
  665 F.3d 408 (2d Cir. 2011) ...................................................................................................15

Patterson v. County of Oneida,
  375 F.3d 206 (2d Cir. 2004) .............................................................................................14, 16

Perry v. NYSARC, Inc.,
  424 F. App'x 23 (2d Cir. 2011) .........................................................................................24, 25

Pertillar v. AAA W. & Cent. N.Y.,
  2018 U.S. Dist. LEXIS 12861 (N.D.N.Y. Jan. 26, 2018) .....................................................13

Rabadi v. City of Yonkers,
  21 Civ. 1258 (VB),
  2022 U.S. Dist. LEXIS 54331 (S.D.N.Y. March 25, 2022) ....................................................8

Ruiz v. County of Rockland,
  609 F.3d 486 (2d Cir. 2010) ...................................................................................................16

Schiano v. Quality Payroll Sys., Inc,
  445 F.3d 597 (2d Cir. 2006) ...................................................................................................17

Shumway v. United Parcel Serv.,
  118 F.3d 60 (2d Cir. 1997) .....................................................................................................23

Soliman v. City of N.Y.,
  2017 U.S. Dist. LEXIS 50599 (E.D.N.Y. Mar. 31, 2017) .....................................................13

Soloviev v. Goldstein,
  104 F. Supp. 3d 232 (E.D.N.Y. May 12, 2015) .....................................................................18

Sosa v. New York City Dep't of Educ.,
  368 F. Supp. 3d 489 (E.D.N.Y. Mar. 25, 2019) ....................................................................18

Thomas v. Mintz,
  No. 103397/2011, 2018 N.Y. Misc. LEXIS 3282
  (Sup. Ct., N.Y. Cnty., Aug. 1, 2018) .....................................................................................17

**Cases**                                                                                    **Page(s)**

Univ. of Texas Sw. Med. Ctr. v. Nassar,
    570 U.S. 338 (2013)...........................................................................................24

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 72 (2d Cir. 2015)...........................................................................18, 24

Walker v. New York City Health & Hosps. Corp.,
    36 A.D.3d 509 (1st Dep't 2007) .......................................................................8

Waxter v. State of New York,
    33 A.D.3d 1180 (3d Dep't 2006) ....................................................................13

Williams v. Williams,
    23 N.Y.2d 592 (1969) .....................................................................................12

Wollins v. N.Y. City Bd. of Educ.,
    8 A.D.3d 30 (1st Dep't 2004) ...........................................................................8

Wray v. City of New York,
    490 F.3d 189 (2d Cir. 2007)...........................................................................14

Yu v. City of N.Y.,
    No. 17 Civ. 7372, 2018 U.S. Dist. LEXIS 202796
    (S.D.N.Y. Nov. 29, 2018) ..............................................................................15

Zahra v. Town of Southfield,
    48 F.3d 674 (2d Cir. 1995).............................................................................15

**Statutes**

42 U.S.C. § 1981...........................................................................................17, 18, 20

42 U.S.C. § 1983...............................................................................1, 13, 14, 15, 16, 24

Fed. R. Civ. P. 12(b)(6).............................................................................................7

N.Y.C. Admin. Code § 8-107 ....................................................................................1

N.Y.C. Charter § 396 ................................................................................................8

N.Y. Gen. Mun. L. § 50-e(1)(a)................................................................................8

N.Y. Gen. Mun. L. § 50-e(5) ....................................................................................9

N.Y. Gen. Mun. L. § 50-i(1)....................................................................................10

N.Y.S. Exec. L. § 296 ...............................................................................................1

**Page(s)**

**Other Authorities**

New York State Constitution Article I, § 11............................................................................1, 13

## PRELIMINARY STATEMENT

Plaintiffs Khairul Annam, a former employee at DOB, and Plaintiff Naheed Afroz ("Plaintiffs") allege violations of the Equal Protection Clauses of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 ("§ 1983") and Article I, § 11 of the New York State Constitution; substantive and procedural due process violations in violation of the Due Process Clause of the Fourteenth Amendment pursuant to § 1983; retaliation under § 1983; race and national origin discrimination in violation of New York City Administrative Code § 8-107 ("CHRL") and New York State Executive Law § 296 ("SHRL"); and common law claims of abuse of process, tortious interference with prospective economic advantage, intentional infliction of emotional distress, negligence in hiring, training, and supervision. See SAC, ECF Dkt. No. 27, Ex A ("SAC").

For the reasons detailed below, all of Plaintiffs' claims fail as a matter of law and the SAC should be dismissed in its entirety.

## STATEMENT OF FACTS[1]

Plaintiff Annam was employed by DOB. See SAC ¶10. Plaintiff Afroz is the spouse of Plaintiff Annam. See SAC ¶11. Plaintiffs filed a Notice of Claim on or about April 2, 2020. See SAC ¶7; Notice of Claim, Ex. B.

---

[1] This statement of facts is derived from the allegations in the SAC, which are assumed to be true for the purposes of this motion to dismiss only. Defendants also rely on the exhibits annexed to the Declaration of Stephen M. Suhovsky, dated September 7, 2022. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (court resolving motion to dismiss may consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action; Lakonia Management Ltd. v. Meriwether, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000) (the Court also properly may consider any document attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as matters of public record of which the Court may take judicial notice).

In March 2017, Plaintiff Annam was employed by DOB and assigned to DOB's Construction Safety Enforcement Unit ("CSE") as an administrative engineer. See SAC ¶25. Plaintiff Annam alleges that on or about March 15, 2017, Defendant Matthew Millner ("Millner") directed him to write a violation for an African American architect. See SAC ¶26. Plaintiff Annam did not believe that the violation was justified. See SAC ¶26. Plaintiff Annam alleges that he told Millner that he would not draft the violation and that Millner then "threatened to report Annam to DOB's Office of Internal Affairs and Discipline ("IAD")". See SAC ¶28. Plaintiff Annam, in turn, alleges that he threatened to report Millner to IAD. See SAC ¶29. Neither Millner nor Plaintiff Annam reported this incident to IAD. See SAC ¶29.

Plaintiffs allege that on January 16, 2018, Plaintiff Annam attended a meeting with Defendant Eisele, CSE's executive engineer, and Defendant Leonid Miller ("Miller"), CSE's assistant commissioner, about Plaintiff Annam's "work concerns." See SAC ¶30. Plaintiffs allege that Plaintiff Annam reported that he "felt micromanaged" by Defendant Millner. See SAC ¶30. Plaintiffs allege that on April 24, 2018, Plaintiff Annam received an "uncharacteristically poor" performance evaluation that was not prepared by Plaintiff Annam's direct supervisor. See SAC ¶31. Plaintiffs allege "upon information and belief" that Millner instructed Plaintiff Annam's direct supervisor to issue Plaintiff Annam a poor performance evaluation and that, when the supervisor refused, Millner "proceeded to write the evaluation himself." See SAC ¶32. Plaintiffs allege that Plaintiff Annam declined to sign the evaluation. See SAC ¶33.

A.      **Construction at Plaintiffs' Primary Residence**

Plaintiffs allege that on July 31, 2018, "per DOB's protocol," Plaintiff Annam informed IAD of construction work being conducted at Plaintiffs' primary residence, located at 20-40 28th St., Astoria, NY (the "Primary Residence"). See SAC ¶35. Plaintiffs allege that

Defendant Matthew DiBono ("DiBono") informed Plaintiff Annam that he should "recuse himself and his own unit from the process and review of paperwork regarding the Primary Residence's construction work." See SAC ¶35.

Plaintiffs allege that on August 2, 2018, Millner reported Plaintiff Annam to IAD. See SAC ¶36. Plaintiffs allege that "the agenda for [Plaintiff] Annam's meeting with IAD" included (1) "projects from March 15, 2017 through April 13, 2018" and (2) "allegations that [Plaintiff] Annam reviewed technical drawings and audits of the Primary Residence." See SAC ¶36. Plaintiffs allege that these allegations were false, as Plaintiffs had engaged an engineering firm, KNF Services Corp. ("KNF") to perform these tasks, and Plaintiff Annam had "recused himself from all work regarding the Primary Residence". See SAC ¶36.  Plaintiffs allege that, at the August 2, 2018 meeting with IAD, Plaintiff Annam informed IAD that Millner "attempted to force Annam to write a violation to an African American architect on meritless and baseless grounds." See SAC ¶37. Plaintiffs allege that Plaintiff Annam again informed IAD that he had reported the construction on the Primary Residence. See SAC ¶37. "Following this meeting between IAD and [Plaintiff] Annam, there was no adverse action taken against Annam." See SAC ¶37.

Plaintiffs allege that on November 21, 2018, DOB's CSE "sent three inspectors to the Primary Residence," including non-parties Steven LoRe ("LoRe"), Gregory B. Gonzales ("Gonzales") and Richard Brower ("Brower"). See SAC ¶38. Plaintiffs allege that CSE's involvement in this inspection violated "DOB policy" and "IAD's instructions from July 31, 2018" because the inspectors were from Plaintiff Annam's assigned unit, CSE. See SAC ¶38. Plaintiffs allege that, the same day, Plaintiff Annam informed IAD via email that LoRe, Gonzales and Brower were conducting an inspection of his residence. See SAC ¶39. Plaintiffs allege that on

November 27, 2018, a "stop work order" was issued at the instruction of Millner. See SAC ¶41.
Plaintiffs allege that the stop work order "effectively plac[ed] a halt on the construction at the
Primary Residence", and that the Primary residence was "to be audited by [Plaintiff] Annam's own
unit." See SAC ¶41. Plaintiffs allege that on November 27, 2018, Plaintiff Annam informed IAD
via email that "LoRe, Gonzales and their team members inspected the Primary Residence" and
that, on November 28, 2018, Defendant DiBono responded and directed Plaintiff Annam not to
"call or email IAD regarding the Primary Residence." See SAC ¶42. Plaintiffs allege that DiBono's
instruction "violated DOB's policy and contradicted Defendant Dibono's previous email to
[Plaintiff] Annam on July 31, 2018." See SAC ¶42.

Plaintiffs allege that on or about December 4, 2018, Plaintiff Afroz spoke with
Gonzales and LoRe regarding the Primary Residence's stop work order and audit. See SAC ¶43.
Plaintiffs allege that Gonzales and LoRe told Plaintiff Afroz that the Primary Residence was being
audited because the contractor installed the wrong sized "metal joists". See SAC ¶43. Plaintiffs
allege that on or about December 6, 2018, Lore issued another violation and dated it November
27, 2018, purportedly against CSE's policy. See SAC ¶44.

Plaintiffs allege that non-party Norman Ho ("Norman") informed Plaintiff Afroz
that he would be conducting an audit at the Primary Residence. See SAC ¶45. Plaintiffs allege that
Plaintiffs' engineers submitted a request to Norman for a partial lift in order to complete work on
Primary Residence but that this request was never authorized. See SAC ¶47. Plaintiffs allege that
on January 3, 2019, Norman issued 26 objections associated with the design and drawings
associated with the Primary Residence for structural related issues. See SAC ¶48 – 50. Plaintiffs
allege that Plaintiff Afroz submitted an official complaint to IAD about this on January 18, 2019.
See SAC ¶51.

4

Plaintiffs allege that Annam was retaliated against when on January 21, 2019, Defendants Millner, Miller, and Eisele met with Annam to inform him he was being transferred from CSE to the allegedly less prestigious Construction Safety Compliance Unit ("CSC"), purportedly at the direction of Defendant Hogan, DOB's Deputy Commissioner. See SAC ¶¶52,53. Plaintiffs allege that their engineer submitted responses to Norman's objections. See SAC ¶¶63, 64. Plaintiffs allege that in light of Norman's most recent objections, a meeting was held in March 2019 between KNF and the Concrete Enforcement Unit ("CEU"). See SAC ¶65. Plaintiffs allege that during this meeting, Defendant Shamash demeaned and demoralized KNF, causing KNF to resign from their engineering duties. See SAC ¶65. Plaintiffs allege that Annam had to act as his own engineer to finish his project. See SAC ¶67.

Plaintiff Annam alleges that since he was finishing the project himself, he had to submit his work to Defendant Ackroyd, assistant commissioner of DOB's Technical Affairs ("TA"). See SAC ¶81. Plaintiff alleges that Ackroyd told Annam that he had to renovate his entire home rather than the initially planned extension, to which Annam agreed. See SAC ¶83. Plaintiff alleges that despite complying, Ackroyd still would not release the audit hold on the Primary Residence. See SAC ¶83. Plaintiff alleges that he spoke with DOB Commissioner Melanie E. La Rocca about the Primary Residence on October 9, 2019. See SAC ¶84. Plaintiff alleges that La Rocca informed Annam that she would speak with Ackroyd but that La Rocca never followed up with Annam as to the result. See SAC ¶84.

Plaintiff alleges that on January 13, 2020, Ackroyd approved renovations for the Primary Residence. See SAC ¶86. Plaintiff alleges that on January 24, 2020, Ackroyd informed Annam that CSE was not granting Ackroyd's approval. See SAC ¶86. Plaintiff further alleges that on or about February 2020, Annam and his union representative were informed by Defendant

Shultz that there were rules that were being implemented only for Annam and no one else. See SAC ¶87. Plaintiff further alleges that on March 5, 2020, Ackroyd sent an approval for the removal of the stop work order at the Primary Residence. See SAC ¶88.

Plaintiffs allege that on or about December 10, 2018, Plaintiffs emailed the Department of Investigation ("DOI") regarding the Primary Residence but that DOI failed to investigate. See SAC ¶90-92.

**B.     Plaintiffs' Secondary Residence**

Plaintiff Annam alleges that on March 12, 2019, Defendant Vasquez, a DOB inspector, wanted to inspect the boiler at Plaintiff's Secondary Residence. See SAC ¶72. Plaintiff alleges that the DOB does not inspect boilers for 1-unit to 3-unit family homes, as the Secondary Residence is alleged to be. See SAC ¶73. Plaintiff alleges that Vasquez inspected the Secondary Residence on March 12, 2019 and issued three false violations. See SAC ¶75. Plaintiff alleges that Vasquez issued a vacate order for the Secondary Residence which caused Plaintiffs to lose their tenant. See SAC ¶76-78.

**C.     Miscellaneous Allegations**

Plaintiff Annam further alleges that at the time of Ghouse's (an individual that Plaintiff alleges identifies as Indian American) retirement as assistant chief engineer, Annam was the most senior of the three remaining engineers. See SAC ¶¶54 – 57. Plaintiff alleges that of the three remaining engineers, Austin Allcot, an individual who Plaintiff alleges identifies as a white male, and Akond, an individual who Plaintiff alleges identifies as an American Bangladeshi, Allcot received the position of assistant chief engineer. See SAC ¶¶58-61. Plaintiff alleges that Allcot received this position after Annam had left for CSC. See SAC ¶¶58. Plaintiff further alleges that Bert Thompson, an unlicensed engineer that Plaintiff alleges identifies as a black male, was forced

out of CSE by Millner. See SAC ¶¶62. Plaintiff further alleges in a footnote to Paragraph 62 of the SAC that other Muslim minorities faced other types of discrimination. See SAC ¶¶62.

Plaintiff alleges that on May 29, 2019, prior to starting with the New York City Department of Design and Construction ("DDC") in a new position, Defendant Shamash asked Annam if Ashwani Bedi would be Annam's supervisor at DDC. See SAC ¶80. Plaintiff alleges that he responded in the affirmative. See SAC ¶79-80. Plaintiff alleges that on May 30, 2019, DDC rescinded their job offer because there was an alleged internal investigation against Annam within the DOB. See SAC ¶80.

## ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see Biro v. Condé Nast, 807 F.3d 541, 544 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must, therefore, be dismissed. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

## POINT I

### DOB IS NOT A SUABLE ENTITY AND SHOULD BE DISMISSED FROM THIS PROCEEDING

The New York City Charter states that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396. Because DOB is not a suable entity, they must be dismissed from this action. See Olabopo v. Gomes, 13 Civ. 5052 (RRM) 2016 U.S. Dist. LEXIS 134521, at *9 (E.D.N.Y. Sept. 29, 2016) (citing to McMillan v. Dep't of Bldgs., No. 12 Civ. 318 (ENV) 2012 U.S. Dist. LEXIS 58671 at *2 (E.D.N.Y. Apr. 26, 2012)).

## POINT II

### PLAINTIFFS' COMMON LAW CLAIMS MUST BE DISMISSED

**A.    Claims Accruing More Than 90 Days Before Plaintiffs Filed Their Notice of Claim Are Time-Barred**

Plaintiffs "asserting state law tort claims against a municipal entity or its employees" are required to "file a Notice of Claim within 90 days after such claim arises . . ." N.Y. Gen. Mun. L. § 50-e(1)(a). "Failure to comply with provisions requiring notice and presentment of claims prior to the commencement of litigation ordinarily requires dismissal." Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 62 (1984). A notice of claim filed after the ninety-day period without leave of court is of no effect or null. See Faruki v. City of New York, 10 Civ. 9614 (LAP) 2012 U.S. Dist LEXIS 47310, 26-27 (S.D.N.Y. March 30, 2012); Rabadi v. City of Yonkers, 21 Civ. 1258 (VB) 2022 U.S. Dist. LEXIS 54331, 19-20 (S.D.N.Y. March 25, 2022); Walker v. New York City Health & Hosps. Corp., 36 A.D.3d 509, 510 (1st Dep't 2007); Wollins v. N.Y. City Bd.

of Educ., 8 A.D.3d 30, 31 (1st Dep't 2004); De La Cruz v. City of New York, 221 A.D.2d 168, 169 (1st Dep't 1995).

Plaintiffs filed a notice of claim on April 2, 2020. See SAC ¶¶2, 7, Ex. A; Notice of Claim, Ex. B. Ninety days before April 2, 2020 was January 3, 2020. Allegations in Plaintiffs' FAC occurring prior to January 3, 2020 are therefore time-barred. Time-barred allegations include: Plaintiff Annam having his position at DDC rescinded, KNF no longer working on Plaintiffs' Primary Residence, Defendant Norman's objections to Plaintiff's design and drawings for the Primary Residence, a stop work order being placed on work at the Primary Residence, Plaintiff Annam meeting with IAD, Annam receiving a negative Probation Evaluation, and Plaintiff being transferred to CSC. SAC ¶¶31, 35, 41, 48, 52, 65, 80.

Additionally, Plaintiffs may not now seek leave to file a late notice of claim for allegations occurring prior to January 3, 2020. A claimant may seek leave of the court to file a late notice of claim if the ninety-day period has passed, but not once the statute of limitations has passed. See Gen. Mun. Law § 50-e(5); see also Hall v. City of New York, 1 A.D.3d 254, 256 (1st Dep't 2003) (holding that a court "may not entertain [a late notice of claim application] filed after the applicable statute of limitations period has expired"); Davis v. City of New York, 250 A.D.2d 368, 369 (1st Dep't 1998) ("[A] court is precluded from granting [a late notice of claim] application when permission is sought after the Statute of Limitations has run."). Here, Plaintiffs have not sought leave to file a late notice of claim and should not now be granted leave because the statute of limitations underlying all of Plaintiffs' common law claims has passed, as discussed below in Point I. Sec. B.

**B. All of Plaintiffs' Common Law Claims Against All Defendants Are Barred by the Applicable Statutes of Limitations**

Plaintiffs have pled four causes of action under New York State common law. See generally SAC. Claims sounding in tort and fraud against the City and its employees are subject to a one-year and ninety-day statute of limitations. See N.Y. Gen. Mun. Law § 50-i(1) ("the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based . . ."); Iwachiw v. City of New York, 2016 N.Y. Misc. LEXIS 775, 5-6 (Sup. Ct. Feb. 24, 2016). Accordingly, the time in which a plaintiff may bring tort claims against the City and its employees is one year and ninety days after the alleged tortious actions took place.

Here, Plaintiffs commenced this action by filing a Summons with Notice in the Supreme Court for the State of New York, County of New York, on February 2, 2022. See State Court Complaint, Ex. C. One year and ninety days before February 2, 2022 is November 4, 2020. Plaintiffs' common law claims against all Defendants are therefore barred by the statute of limitations even after factoring the benefit of COVID tolling[2]. Specifically, this would include the following allegations, which all occurred long before November 2020: Plaintiff Annam having his position at DDC rescinded, KNF no longer working on Plaintiffs' Primary Residence, Defendant Norman's objections to Plaintiff's design and drawings for the Primary Residence, a stop work order being placed on work at the Primary Residence, Plaintiff Annam meeting with IAD, Annam receiving a negative Probation Evaluation, and Plaintiff being transferred to CSC. SAC ¶¶31, 35, 41, 48, 52, 65, 80.[3]

---

[2] Governor Andrew Cuomo's COVID-19 related Executive Orders (EO) beginning on March 20, 2020 and continuing until November 3, 2020, tolled the deadlines to commence any civil legal action. See EO 202.8, 202.14, 202.28, 202.67.

[3] For example, these actions purportedly occurred on the following dates: May 30, 2019, March 2019, January 2019, December 2018, April 24, 2018, and January 2019 respectively. See generally SAC.

C.      **Any Remaining Common Law Claims Must Be Dismissed**

Assuming, arguendo, that the Court finds any of the Plaintiffs' remaining common law claims to be timely, this Court should find that they have not been plausibly pled. Plaintiffs cannot both maintain his claim for negligent hiring, training and retention and other claims in the SAC against the City under a theory of *respondeat superior*. There are no common law actions against the employer for negligent hiring, training and retention, when an employer is already liable under *respondeat superior* for an employee's actions. See Karoon v. New York City Transit Authority, 659 N.Y.S.2d  27, 29 (1st Dep't 1997); Eckardt v. City of White Plains, 930 N.Y.S.2d 22, 25 (2d Dep't 2011).  When an employee "is acting within the scope of employment, thereby rendering the employer liable for any damages caused by the employee's negligence under a theory of *respondeat superior*, no claim may proceed against the employer for negligent hiring or retention." Karoon, 241 A.D.2d at 324, citing Eifert v. Bush, 22 N.Y.2d 681 (1968).  Here, Plaintiffs allege that the individual Defendants were acting within the scope of their employment over the time period reflected in the SAC as all of the actions complained of, i.e. performance reviews and building inspections, are done in the normal course of business by Defendants. See generally SAC. If they are found liable for conduct during the course of his employment, the City will be responsible under *respondeat superior*. See Karoon, 241 A.D.2d at 324.

Plaintiffs' claim for intentional infliction of emotional distress must likewise fail. Courts have held that "claims of intentional infliction of emotional distress against government bodies are barred as a matter of public policy." Dillon v. City of New York, 261 A.D.2d 34, 41 (1st Dep't 1999); Lauer v. City of New York, 240 A.D.2d 543, 544 (2d Dep't 1997).  Even if Plaintiffs' IIED are not thus barred, they should still be dismissed because Plaintiffs fail to plead allegations of extreme and outrageous conduct, severe emotional distress, intent to cause that distress, and that any of the Defendants owed them a "special duty."

For a tortious interference with prospective economic advantage under New York law to be properly plead, a plaintiff must allege that: (1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." Fifth St. Fin. Corp. v Toll, 12 Civ. 5896 (ER), 2013 US Dist LEXIS 100656, at *7 (S.D.N.Y. July 17, 2013). Plaintiffs have failed to plead the second and third elements of this claim. Plaintiffs allege in the SAC that it was the actions on the part of DOB that lead to KNF no longer performing work at Plaintiffs' Primary Residence. SAC ¶¶65, 66. However, the allegations as set forth in the SAC do not rise to the level of Defendants acting solely out of malice, or having used dishonest, unfair, or improper means.

Finally, Plaintiffs' abuse of process claim must be dismissed. To state a claim for abuse of process, Plaintiff must establish Defendants: (1) regularly issued process, either civil or criminal; (2) acted with intent to do harm without excuse or justification; and (3) use of process in a perverted manner to obtain a collateral objective. Lewis v. Snow, 2003 U.S. Dist. LEXIS 15700, at *39 (S.D.N.Y. 2003);  See Curiano v. Suozzi, 63 N.Y.2d 113, 116 (1984) (citation omitted). The process used must involve an unlawful interference with one's person or property.  See id.

Plaintiffs allege that certain Defendants fabricated a performance evaluation report for Plaintiff Annam; that the same Defendants failed to recuse themselves from the audit process of Plaintiffs' Primary Residence; that certain Defendants commenced a wrongful inspection of Plaintiffs' Secondary Residence, and that certain Defendants made it more difficult to obtain employment at another agency. SAC ¶¶32, 36, 72, 80. Several of these complained of actions do not qualify as a "process" for purposes of an abuse of process claim. See Williams v. Williams, 23 N.Y.2d 592, 596 (1969). To the extent process is plausibly pled, Plaintiffs merely assert conclusory

allegations that such process was abused "in order to obtain a collateral objective, which was to harass the Plaintiffs and their children." SAC ¶¶98. Therefore, Plaintiffs' abuse of process claim must fail.

**D.  Plaintiffs' New York State Constitution Claim Fails Because a Private Right of Action is Unavailable to Plaintiffs**

Plaintiffs allege parallel discrimination claims under the New York State Constitution. But the trend in recent case law is that "a private right of action for a violation of the New York Constitution is unavailable where an alternative remedy … for damages, exists." Waxter v. State of New York, 33 A.D.3d 1180, 1181 (3d Dep't 2006); Martinez v. City of Schenectady, 97 N.Y.2d 78, 83 (2001). "Plaintiff[] do[es] not have a private right of action for … discrimination under Section 11 of the New York State Constitution" because both the SHRL and CHRL provide adequate remedies for her allegations of discrimination. See Soliman v. City of N.Y., 2017 U.S. Dist. LEXIS 50599, at *24 (E.D.N.Y. Mar. 31, 2017); Pertillar v. AAA W. & Cent. N.Y., 2018 U.S. Dist. LEXIS 12861, at *18-19 (N.D.N.Y. Jan. 26, 2018) (dismissing Plaintiff's New York State Constitution Equal Protection Clause claim where Plaintiff had an adequate remedy under the "New York State Human Rights Law"). Thus, Plaintiff Annam's claims under the New York State Constitution are improper and must be dismissed, as he is asserting claims under the SHRL and CHRL based on the same conduct that forms the basis of his constitutional claims. Id. at *17-18.

**POINT III**

**PLAINTIFFS' § 1983 CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO PLAUSIBLY PLEAD MUNICIPAL LIABILITY**

All 42 U.S.C. § 1983 claims as to the City, DOB and DOI must be dismissed because plaintiffs have failed to plead facts supporting their conclusory Monell allegations.  See

Monell v. Dep't' of Sc. Servs., 436 U.S. 658, 694 (1978). "To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983).

In the Second Circuit, "[i]t is well settled that the mere assertion that a municipality has a custom, policy or practice that led to the alleged unconstitutional deprivation is generally insufficient to establish Monell liability." Ezagui v. City of N.Y., 726 F. Supp. 2d 275, 284 (S.D.N.Y. 2010) (internal quotation omitted); see also Dwares v. City of N.Y., 985 F.2d 94, 100 (2d Cir. 1993).

Here, the SAC is devoid of any facts that suggest the "'challenged acts were performed pursuant to a municipal policy or custom,' as required to maintain a § 1983 action against a municipality." Duplan, 888 F.3d at 621 (quoting Patterson, 375 F.3d at 226); see Monell, 436 U.S. at 692-93. Plaintiffs merely set forth a lists of grievances against the DOB for disagreeing with Plaintiff Annam on whether to issue a violation, providing Plaintiff with one negative Probation Evaluation, and for issuing a stop work order and violations at Plaintiffs' Primary and Secondary Residences. See generally SAC. Aside from a conclusory statement that the DOB has a "practice of treating White employees different from non-White employees and harassing non-White employees out of their employment positions…", Plaintiffs have failed to plausibly reference any municipal custom, policy or practice that Defendant DOB subjected Plaintiff to. Duplan, 888 F.3d at 621. In the absence of even a "bare allegation" or "any facts suggesting that a [municipal] policy or practice caused or contributed to the alleged deprivation of Plaintiff's constitutional rights," Plaintiffs' discrimination claims must be dismissed. Ezagui, 726 F. Supp.

2d at 284; <u>Yu v. City of N.Y.</u>, No. 17 Civ. 7372, 2018 U.S. Dist. LEXIS 202796, at *25 (S.D.N.Y. Nov. 29, 2018) (finding that "[a] complaint that fails to allege that a municipal policy or custom caused the deprivation of a constitutional right is facially deficient and warrants dismissal") (citing <u>Ezagui</u>, 726 F. Supp. 2d at 284-85); <u>Feliciano v. City of N.Y.</u>, No. 14 Civ. 6751 (PAE), 2015 U.S. Dist. LEXIS 92623, at *43-44 (S.D.N.Y. July 15, 2015) (dismissing § 1983 claims where the complaint "does not point to any municipal policy or custom, let alone any policy or custom of engaging in acts akin to those pled here") (emphasis added).

**POINT IV**

**PLAINTIFFS' §1983 DUE PROCESS CLAIMS
MUST BE DISMISSED**

Courts "examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." <u>Kentucky Department of Correction v. Thompson</u>, 490 U.S. 454, 460 (1989), <u>abrogated on other grounds by</u>, <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). Thus, plaintiff must establish the threshold issue of showing that he possessed a valid property or liberty interest.  <u>See Oneida Indian Nation of New York v. Madison County</u>, 665 F.3d 408, 427-28 (2d Cir. 2011); <u>see also</u> <u>Zahra v. Town of Southfield</u>, 48 F.3d 674, 689 (2d Cir. 1995).

The Due Process Clause "does not itself create" protectable property interests; rather property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. <u>McMenemy v. City of Rochester</u>, 241 F.3d 279, 286 (2d Cir. 2001) (quotations omitted).  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have

15

more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

Plaintiffs' allegations that they have been deprived of a property interest fail, as the SAC does not sufficiently allege either maintained a property interest in Plaintiff Annam's employment, or that he was deprived of such employment without process. See generally SAC. To the extent Plaintiffs claim that DOB's alleged inspections of, and interference with, planned construction on their properties constitutes a deprivation of property rights, Plaintiffs' claims must fail. See FAC ¶¶142-144; see generally Hirsch v. City of New York, 300 F.Supp.3d 501, 511 (S.D.N.Y 2018) (finding "vague reference to state intrusion in his residence" insufficient to allege deprivation of a property interest).

In addition, nowhere in Plaintiffs' lengthy Complaint do they identify any "liberty . . . interest interfered with by the State," nor do they allege that they were deprived of any liberty interest without constitutionally sufficient process. Kentucky Department of Correction v. Thompson, 490 U.S. 454, 460 (1989).

## POINT V

### PLAINTIFFS' § 1983, SHRL AND CHRL DISCRIMINATION AND RETALIATION CLAIMS AND EQUAL PROTECTION CLAIM MUST BE DISMISSED

**A.    Legal Standard**

Discrimination claims brought in the employment context under Title VII, § 1981, or § 1983 are all analyzed under the burden-shifting standard articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010); Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). Thus, to establish a prima facie case of discrimination under any of those theories, a plaintiff must demonstrate that (1) he

belongs to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. See McDonnell Douglas, 411 U.S. at 802. Once he has done so, the burden then shifts to the employer to articulate a "legitimate, nondiscriminatory reason" for the employment action. See McDonnell Douglas, 411 U.S. at 802. The plaintiff must then establish that the defendant's proffered reason is mere pretext for actual discrimination. See id. At 804.

This framework also applies to claims brought under State and City discrimination laws. Davey v. Jones, 371 Fed. App'x 146, 149 (2d. Cir. 2010). The standard for race and national origin discrimination under § 1981 and § 1983 is substantially the same for claims brought under the SHRL. Lapaix v. City of New York, 13 Civ. 07306 (LGS), 2014 U.S. Dist. LEXIS 112265, (S.D.N.Y. Aug. 12, 2014) (citing Schiano v. Quality Payroll Sys., Inc, 445 F.3d 597, 609 (2d Cir. 2006)).

As to Plaintiff's CHRL claims, the Second Circuit has summarized the considerations by which federal courts reviewing CHRL claims are to be guided in Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 112, 113 (2d Cir 2013).  To establish a prima facie case of discrimination, Plaintiff must allege: "(1) []he is a member of a protected class; (2) []he was qualified to hold the position; (3) []he…suffered an[] adverse employment action[4]; and (4) the…adverse action occurred under circumstance giving rise to an inference of discrimination."  Thomas v. Mintz, No. 103397/2011, 2018 N.Y. Misc. LEXIS 3282 at *6 (Sup. Ct., N.Y. Cnty., Aug. 1, 2018).  "[A] plaintiff sustains an adverse employment action if [they]

---

[4] Though Defendants are of the position that allegation (2) and (3) should not be considered an "employment action" for claims of employment consideration, we have included them in our argument in the instant the Court, assuming arguendo, takes them as employment actions.

endure[] a materially adverse change in the terms and conditions of employment."  Sosa v. New York City Dep't of Educ., 368 F. Supp. 3d 489, 495 (E.D.N.Y. Mar. 25, 2019)(quoting Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000), cert. den., 568 U.S. 1144 (2013)).  A materially adverse employment action is "more disruptive than a mere inconvenience or an alteration of job responsibilities."  Id.  Plaintiff must plausibly allege "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).  However, "naked assertions of discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss."  See Soloviev v. Goldstein, 104 F. Supp. 3d 232, 249 (E.D.N.Y. May 12, 2015) (quoting and citing Doe v. Columbia Univ., 101 F. Supp. 3d 356, 368 (S.D.N.Y. Apr. 21, 2015)).

**B.      Plaintiffs Fail to State a Claim of Race Discrimination Under the SHRL**

As an initial matter, Plaintiff Afroz is not, and does not plead, that she is an employee of Defendants. As such, her claims for discrimination must be fully dismissed. As to Plaintiff Annam, he may not seek redress from the Court for those employment actions he alleges that do not amount to an adverse employment action.

Plaintiff is a male who self identifies as Muslim American Bangladeshi. See SAC ¶51. As such, Plaintiff Annam has satisfied the first prong of his prima facie case – membership in a protected class. Plaintiff allegedly suffered the following employment actions: (1) Plaintiff Annam received a negative Probation Evaluation Form; (2) that the renovation to Annam's Primary Residence was subjected to inspection and had its drawings and designs objected to by DOB; (3) that violations were issued to Annam's Secondary Residence by DOB inspectors; (4) that Annam was transferred from the CSE to CSC, a less prestigious unit; (5) that the role of

assistant chief engineer went to a white male upon Annam leaving the CSE; and (6) that Annam's cubicle was moved multiple times during the span of a year. See SAC ¶¶31, 35, 48, 52, 53, 58, 70, 71.

Assuming, arguendo, that the Plaintiffs' allegations can be interpreted as containing plausible inferences of discrimination, Plaintiffs still fail to properly allege any adverse employment actions occurred. An adverse employment action is a "materially adverse change in the terms and conditions of employment," something "more disruptive than a mere inconvenience or an alteration of job responsibilities" such as a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Malcom v. Honeoye Falls Lima Cent. Sch. Dist., 483 Fed. App'x 660, 662 (2d Cir. 2012) (summary order) (affirming dismissal of discrimination and retaliation claims under Title VII, 1981, and 1983) (citing Galabya v. N.Y. City Bd. Of Educ., 202 F.3d 636, 640 (2d Cir. 2000)).

As noted in Point I, *supra*, Plaintiffs' claims are time-barred and must be dismissed. Assuming, *arguendo*, Plaintiffs' claims were not barred, they still would fail to plausibly plead facts which give rise to even a minimal inference of race discrimination.

Plaintiff Annam's only reference to race are his allegations that, at some unidentified time, Bert Thomas, a black male, was "forced out of" CSE by Defendant Millner and that three other Muslim minorities faced unspecified types of discrimination. See SAC ¶62. The SAC pleads no facts, however, that would allow a court to draw a reasonable inference that Plaintiff was subjected to any mistreatment or adverse action *because* of his identified race, Muslim American Bangledeshi.  See Lucio v. N.Y.C. Dep't of Educ., 575 F. App'x 3, 5 (2d Cir. 2014). Rather, Plaintiffs' allegations that Defendants are of a different race do not, on their own,

infer that any of the matters about which he complains were due to his race.  See, e.g., Amofa v. Bronx-Lebanon Hosp. Ctr., No. 05-CV-9230 (SHS), 2006 U.S. Dist. LEXIS 83199, *7-8 (S.D.N.Y. Nov. 13, 2006) (finding that the "mere fact" that a plaintiff and supervisor with whom he argued were of different races was not evidence of discriminatory conduct); George v. N.Y. City Health and Hosp. Corp., No. 02 Civ. 1818 (AGS), 2003 U.S. Dist. LEXIS 1927, at *8 (S.D.N.Y. Feb. 11, 2003) ("The mere fact that plaintiff and her supervisor were not of the same race . . . does not, in and of itself, indicate that the supervisor's conduct towards plaintiff was motivated by discrimination.").  Without more, Plaintiffs' allegations are simply insufficient to establish a discriminatory animus.

Likewise, Plaintiff Annam fails to plausibly plead an inference of discrimination by failing to allege that he was treated less favorably than a similarly situated employee.  See Ellis v. N.Y.C. Dep't of Educ., No. 19 Civ. 1441 (LAP) 2020 U.S. Dist. LEXIS 42446, at *9 (S.D.N.Y. Mar. 11, 2020) (Complaint fails to establish both specific individuals as comparators and the material respects in which they were similarly situated but treated differently); Newsome v. IDB Capital Corp., No. 13 Civ. 6576 (VEC), 2016 U.S. Dist. LEXIS 40754, at *45-47 (S.D.N.Y. Mar. 28, 2016).  However, to be similarly situated, such an employee must be "(1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct."  Butts v. N.Y. City of Dep't of Educ., No. 16 Civ. 5504 (NGG)(RML), 2018 U.S. Dist. LEXIS 170195, *28 (S.D.N.Y. Sept. 28, 2018).  Further, Plaintiff fails to plausibly plead *any* allegations regarding purportedly similarly situated individuals. See generally SAC. The lone allegation that *could* potentially fall into this category, though Defendants argue it should not, would be Plaintiffs' allegations as to Allcott. See SAC ¶58. However, given that there are no allegations as to how

Annam and Allcott can or should be considered similarly situated, this is a conclusory allegation that should not be accepted as plausible by this Court.

The lone allegations plead in the SAC that Plaintiffs attempt to demonstrate as adverse actions would be Plaintiff Annam's cubicle being moved several times, being given a poor evaluation, and being transferred to a different unit. See SAC ¶¶31, 52, 70. These simply do not rise to the level of adverse employment actions. As this Court has held, unsatisfactory ratings are not severe adverse actions. Hernandez v. Dept of Sanitation, 18 Civ. 1808 (LGS) 2018 U.S. Dist LEXIS 184906, at *6 (S.D.N.Y. Oct. 29, 2018). Further, Plaintiff Annam's transfer to a purportedly "less prestigious" unit, standing alone, cannot be considered an adverse employment action. Markovic v. New York City Sch. Const. Auth., 99 Civ. 10339 (AGS) 2002 U.S. Dist. LEXIS 214, at 21 (S.D.N.Y. Jan 8, 2002).

Finally, Plaintiff Annam has not pled sufficient facts to establish that these non-materially adverse employment actions occurred on account of his race or national origin. In evaluating circumstances in an employment discrimination action, courts should consider "whether the evidence can reasonably and logically give rise to an inference of discrimination under all of the circumstances." See Bickerstaff v. Vassar College, 196 F.3d 435, 448 (2d Cir. 1999). The SAC is devoid of any factual allegations that any of the named Defendants considered Plaintiff Annam's race or national origin at any time. See generally SAC. In fact, the allegations as pled throughout the SAC only serve to show that the individual Defendants acted with legitimate reasons. For example, after Plaintiff Annam and Defendant Millner had their disagreement on March 15, 2017, over an entire year had past until Annam received his poor evaluation. ¶¶26, 31. Annam's meeting with IAD on August 2, 2018 (a full 17 months after his disagreement with Millner) only occurred as it was alleged Plaintiff, an employee of DOB, was reviewing technical

drawings and audits of his Primary Residence. ¶¶35 – 37. Plaintiff cannot simply list out grievances he had while working at the DOB and rely on the fact that he is purportedly a different race from that of the individual Defendants in order to make out plausible claims of discrimination. See Hitchins v. New York City Dep't of Educ., 11 Civ 4180, 2013 U.S. Dist. LEXIS 85696, at *2-3 (E.D.N.Y. June 18, 2013) (granting motion to dismiss where the plaintiff "failed to allege any facts to suggest discrimination on the basis of his race or national origin or to identify any link between some discriminatory conduct and an adverse employment action" and finding "plaintiff's allegations merely 'cite to his mistreatment' and ask the court to conclude that it must have been related to his race or national origin.")

C.     **Plaintiffs Fail to State a Claim of Race Discrimination Under the CHRL**

Likewise, Plaintiffs' claim fails under the CHRL.  To survive a motion to dismiss, a "complaint must . . . allege facts on the basis of which a court can find differential treatment – *i.e.*, the plaintiff was treated less well – because of discriminatory intent." Anderson, 2017 U.S. Dist. LEXIS 8358, at *23 (internal citation and quotation omitted); see also Gorokhovsky v. New York City Hous, Auth., 552 Fed. Appx. 100, 102 (2d Cir. 2014).  Thus, for the reasons set forth above regarding Plaintiffs' SHRL claim, Plaintiffs fail to plausibly plead discriminatory animus under the CHRL.

Plaintiff Annam also, for the reasons set forth above, fails to allege facts plausibly showing he was treated less well than any other similarly situated engineer due to his race.  See generally SAC.  The only set of facts alleged by Plaintiff Annam that could be interpreted as Plaintiff being treated less well than another similarly situated employee is Austin Allcott being made assistant chief engineer. See SAC ¶58. However, there is nothing alleged that Annam had applied for the same position Allcott received (i.e. assistant chief engineer), what the requirements were for said position, what qualifications Annam and Allcott had for said position, that Annam

and Allcott were similarly situated, or that Annam and Allcott were treated differently at all while employed by DOB. In fact, Plaintiffs' own allegations set forth facts that Allcott did not receive the position of assistant chief engineer until Ghouse retired. Accordingly, Plaintiff's racial discrimination claim under the CHRL must be dismissed.

**D.      Plaintiffs' Equal Protection Claims Fail**

To establish a prima facie case under the Equal Protection Clause, a plaintiff must demonstrate that he: "(1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse employment action; (4) was treated differently from members of the unprotected class; and (5) the defendant acted with discriminatory intent." Anderson v. New York, 614 F. Supp. 2d 404, 426 (S.D.N.Y. 2009). "Similarly situated" individuals "must be similarly situated in all material respects." Shumway v. United Parcel Serv., 118 F.3d 60, 64 (2d Cir. 1997). Moreover, a "class-of-one" theory of equal protection does not apply in the public employment context. Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 605 (2008); Conyers v. Rossides, 558 F.3d 137, 151-152 (2d Cir. 2009). Accordingly, in order to state a claim under the Equal Protection Clause against a municipality, a plaintiff must allege that he was treated differently than other similarly situated employees based on his membership in a specific protected class. Massi v. Flynn, 353 F. App'x 658, 660 (2d Cir. 2009); Conyers, 558 F.3d at 151-152. As argued in Points IV(B) and (C) supra, Plaintiffs have failed to set forth any plausible allegations that they have been treated differently than other similarly situated employees.

**POINT VI**

**PLAINTIFFS' SECTION 1983 CLAIM FOR RETALIATION MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

To establish a retaliation claim under Section 1983, a plaintiff must plausibly allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Littlejohn v. City of New York, 795 F.3d 297, 316 (2d. Cir 2015) (internal quotation marks and citation omitted); Gonzalez v. City of New York, 845 F. App'x 11, 13-14 (2d Cir. 2021); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010). A plaintiff must also prove "that the desire to retaliate was the but-for cause of the challenged employment action." Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 352 (2013). To establish an adverse employment action for a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse" meaning the action "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted).

A plaintiff can satisfy the causal requirement by pleading facts that show a direct connection between the protected activity and the alleged discrimination. Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). The Court may infer a causal link where the adverse employment action occurred in a sufficiently close period that an inference of discrimination would be reasonable. Id. at 90 (collecting cases). The Second Circuit has made it clear that the temporal proximity of an adverse action to a protected activity must be "very close." Perry v. NYSARC, Inc., 424 F. App'x 23, 26 (2d Cir. 2011) (four-month interval between protected activity and alleged retaliation is insufficient to establish the causal connection).

Here, the only allegation that could potentially be construed as a protected activity in Plaintiffs' SAC was the act of disagreeing with Defendant Millner regarding the issuance of a violation on March 15, 2017. <u>See</u> SAC ¶26. Plaintiff Annam does not specify which alleged "adverse actions" are relevant to his claims for retaliation, and he does not reference any direct evidence of retaliatory motive. However, assuming arguendo that the actions of giving Annam a negative Probation Evaluation review and instituting inspections on his Primary and Secondary Residence could reasonably be construed as retaliatory actions, which Defendants do not, these acts did not occur until April 24, 2018 and August 2, 2018, well over a year after March 15, 2017. <u>See</u> SAC ¶¶31, 36. As such, the lack of temporal proximity to his protected activity is fatal to Plaintiffs' claims of retaliation based on these alleged events. <u>Perry</u>, 424 F. App'x at 26.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that the Court dismiss the SAC and deny the relief sought therein in all respects, and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            September 7, 2022

                              **HON. SYLVIA O. HINDS-RADIX**
                              *Corporation Counsel of the City of New York*
                              Attorney for Defendants
                              100 Church Street, Room 2-170
                              New York, New York 10007
                              (212) 356-1177
                              ssuhovsk@law.nyc.gov


                       By:    _____
                              /s/
                              Stephen M. Suhovsky
                              Senior Corporation Counsel