No. 22 Civ. 02945 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHAIRUL ANNAM and NAHEED AFROZ,

          Plaintiffs,

– against –

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF BUILDINGS, MELANIE E. LA ROCCA, Commissioner, TIMOTHY E. HOGAN, MATTHEW MILLNER, LEONID MILLER, YEGAL SHAMASH, GEOFFREY B. EISELE, JOSEPH ACKROYD, KEVIN SCHULTZ, MATTHEW DIBONO, LISTORIEL VASQUEZ,

          Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-102*
*New York, New York 10007*

*Of Counsel:*
*Laura C. Williams*
*Stephen. M. Suhovsky*
*Tel: (212) 356-2435*
*Matter No.: 2022-016602*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT

    POINT I

        SEVERAL OF PLAINTIFFS' CLAIMS HAVE BEEN ABANDONED AND REQUIRE DISMISSAL ................................................................................................. 1

    POINT II

        MANY OF PLAINTIFFS' CLAIMS ARE TIME-BARRED ................................................................................................. 1

        A. The Majority of Plaintiffs' Common Law Claims Are Time-Barred. ................................................................................................. 1

        B. Plaintiffs Cannot Rescue Any Time-Barred SHRL or CHRL Claims By Erroneously Invoking the Continuing Violation Doctrine. ................................................................................................. 3

    POINT III

        PLAINTIFFS' REMAINING TIMELY COMMON LAW CLAIMS MUST BE DISMISSED ................................................................................................. 4

    POINT IV

        PLAINTIFFS' REMAINING TIMELY SHRL AND CHRL DISCRIMINATION CLAIMS MUST BE DISMISSED ................................................................................................. 7

        A. Plaintiffs Cannot Assert a SHRL or CHRL Retaliation Claim For the First Time In Opposition to Defendants' Motion to Dismiss. ................................................................................................. 7

        B. Plaintiffs Fail to State a Claim of Race Discrimination Under the SHRL. ................................................................................................. 7

        C. Plaintiffs Fail to State a Claim of Race Discrimination Under the CHRL. ................................................................................................. 10

CONCLUSION ................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                      **Pages**

1768-68 Assoc., L.P. v. City of New York,
   No. 118222/2009, 2010 N.Y. Misc. LEXIS 5061
   (Sup. Ct., N.Y. Cty., Sept. 28, 2010)..................................................................................6

Backus v. U3 Advisors, Inc.,
   No. 16-8990, 2017 U.S. Dist. LEXIS 132829
   (S.D.N.Y. Aug. 18, 2017).....................................................................................................8

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)..............................................................................................................6

Birch v. City of N.Y.,
   675 F. App'x 43 (2d Cir. 2017)............................................................................................4

Curiano v. Suozzi,
   469 N.E.2d 1324 (1984).......................................................................................................5

Curtis v. Airborne Freight Corp.,
   87 F. Supp. 2d 234 (S.D.N.Y. 2000)...................................................................................3

Davidson v. Bronx Mun. Hosp.,
   64 N.Y.2d 59 (1984).............................................................................................................2

Dorian v. City of New York,
   129 A.D.3d 445 (1st Dep't 2015).........................................................................................4

Ellis v. N.Y.C. Dep't of Educ.,
   No. 19 Civ. 1441 (LAP),
   2020 U.S. Dist. LEXIS 42446 (S.D.N.Y. Mar. 11, 2020) ..................................................9

Estreicher v. Oner,
   148 A.D.3d 867 (2d Dep't 2017).........................................................................................3

Friedman v. Self Help Cmty. Servs.,
   647 F. App'x 44 (2d Cir. 2016) ...........................................................................................5

Galabya v. New York City Bd. of Educ.,
   202 F. 3d 636 (2d Cir. 2000)................................................................................................8

Hernandez v. Dept of Sanitation,
   18 Civ. 1808 (LGS),
   2018 U.S. Dist LEXIS 184906 (S.D.N.Y. Oct. 29, 2018).................................................7

**Cases** **Pages**

Hitchins v. New York City Dep't of Educ.,
   11 Civ 4180, 2013 U.S. Dist. LEXIS 85696
   (E.D.N.Y. June 18, 2013) ........................................................................................8

Jackson v. Fed. Exp.,
   766 F.3d 189 (2d Cir. 2014) ....................................................................................1

Joseph v. United States,
   740 F. App'x 12 (2d Cir. 2018) ...............................................................................1

Karoon v. New York City Transit Authority,
   241 A.D.2d 323 (1st Dep't 1997) ............................................................................4

Lopez v. City of New York,
   105 F. Supp. 3d 242 (E.D.N.Y. 2015) .....................................................................3

LSG 105 W. 28th LLC v. Sinclair,
   No. 652440/2019, 2020 N.Y. Misc. LEXIS 2547
   (Sup. Ct., N.Y. Cty. June 4, 2020) ..........................................................................6

Lucio v. N.Y.C. Dep't of Educ.,
   575 F. App'x 3 (2d Cir. 2014) .................................................................................8

Rogers v. Fashion Inst. of Tech.,
   14 Civ. 6420 (AT),
   2016 U.S. Dist. LEXIS 30498 (S.D.N.Y. Feb. 26, 2016) ........................................9

Terry v. Ashcroft,
   336 F.3d 128 (2d Cir. 2003) ....................................................................................8

Varela v. Investors Ins. Holding Corp.,
   185 A.D. 2d 309 (2d Dep't 1992),
   aff'd 81 N.Y.2d 218 (1993) .....................................................................................5

Wright v. Ernst & Young LLP,
   152 F.3d 169 (2d Cir. 1998) ................................................................................7, 8

**Statutes**

42 U.S.C. § 1983 ................................................................................................................1, 7

Fed. R. Civ. P. 12(b)(6) ........................................................................................................8

**Statutes**                                                                                                                                  **Pages**

N.Y. Gen. Mun. Law § 50-i(1) ............................................................................................................2

N.Y. Gen. Mun. Law § 50-e(1)(a) ...................................................................................................1, 2

**Other Authorities**

New York State Constitution Article I, § 11................................................................................................1

## ARGUMENT

### POINT I

#### SEVERAL OF PLAINTIFFS' CLAIMS HAVE BEEN ABANDONED AND REQUIRE DISMISSAL

In their opposition to defendants' motion to dismiss, plaintiffs fail to address several of defendants' arguments, specifically, their arguments concerning plaintiffs' (1): tortious interference with prospective economic advantage claim. See Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint ("Defs. Mem.") at 12; (2) claims pursuant to Article I, § 11 of the New York State Constitution. See id. at 13; and (3) § 1983 equal protection, substantive and procedural due process and retaliation claims. See id. at 13-17. As such, the foregoing claims must be dismissed as abandoned or for the reasons discussed in defendants' opening brief. See Joseph v. United States, 740 F. App'x 12, 14 (2d Cir. 2018) (affirming dismissal of claims as abandoned on a motion to dismiss "[w]here a partial response is made – *i.e.*, referencing some claims or defenses and not others … in the case of a counseled party, a court may … infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." (citing Jackson v. Fed. Exp., 766 F.3d 189, 197-98 (2d Cir. 2014))).

### POINT II

#### MANY OF PLAINTIFFS' CLAIMS ARE TIME-BARRED

**A.   The Majority of Plaintiffs' Common Law Claims Are Time-Barred.**

Plaintiffs do not contest that they were required to comply with the Notice of Claim requirement set forth in New York General Municipal Law § 50-e(1)(a) and, furthermore, do not contest that failure to comply with this provision requires dismissal of those claims that accrued

ninety days before they filed the Notice of Claim in this matter. See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Second Amended Complaint ("Pls. Opp'n"), at 6-7; N.Y. Gen. Mun. L. § 50-e(1)(a); Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 62 (1984).

Instead, plaintiffs first argue that Executive Order No. 202.8, issued March 20, 2020, together with subsequent executive orders, renders timely claims dating back to December 21, 2019 – ninety days before the Notice of Claim was filed on April 2, 2020, plus an additional thirteen days to account for the toll that went into effect on March 20, 2020. See Pls. Opp'n, at 7. Even assuming plaintiffs are correct in their calculations, this argument is of no moment, as plaintiffs do not allege a single action, let alone an adverse action, that occurred between December 21, 2019 and January 3, 2020. See generally SAC. As such, all of the alleged actions barred by the failure to file a timely notice of claim, as identified in defendants' opening brief, should be dismissed. See Defs. Mem, at 9.

Plaintiffs' argument concerning the effect of Executive Order No. 202.8, on their deadline to commence this action, however, is unavailing. Plaintiffs correctly state that the statute of limitations for claims sounding in tort or fraud against the City and its employees are subject to a one-year and ninety-day statute of limitations. See N.Y. Gen. Mun. Law § 50-i(1). However, plaintiffs then use a one-year and six-month statute of limitations in all of their calculations. See Pls. Opp'n, at 10-11. Furthermore, even if plaintiffs had used the correct statute of limitations, their calculations, taking into account the toll, are not correct. Even assuming, for purposes of this argument only, that the most recent alleged action in the SAC – the March 5, 2020 decision to lift the stop-work order on plaintiffs' residence – can be understood to be an actionable claim sounding in tort or fraud, it would be barred by the one-year and ninety day statute of limitations even after

2

factoring in the benefit of COVID tolling. Without the toll, the statute of limitations would have expired on June 3, 2021, one year and ninety days after March 5, 2020. With the addition of the 228 days of the toll, the statute of limitations was extended to January 17, 2022, two weeks before this action was filed on February 2, 2022.

Lastly, "continuing violation" doctrine (referred to in plaintiffs' memorandum as the "continuing wrong" doctrine) does not rescue plaintiffs' time-barred abuse of process, IIED, or negligent hiring, training or supervision claims. Indeed, "[a]s a general rule, courts in the Second Circuit have viewed continuing violation arguments with disfavor." Curtis v. Airborne Freight Corp., 87 F. Supp. 2d 234, 244 (S.D.N.Y. 2000).

Plaintiffs argue that "the unwarranted stop work order placed upon [their] Primary Residence and the false vacate order placed upon the Secondary [R]esidence", which went into effect on November 27, 2018 (SAC ¶ 41) and March 13, 2019 (SAC ¶ 77), respectively, both constitute continuing violations. Pls. Opp'n, at 8. First, as discussed above, even assuming that the last alleged wrongful act sounding in fraud or tort occurred March 5, 2020, it would still be time-barred. Thus, plaintiffs' do not have a single timely tort or fraud claim with which to make out a continuing violation claim. See, e.g., Lopez v. City of New York, 105 F. Supp. 3d 242, 251 (E.D.N.Y. 2015) (dismissing as untimely all of plaintiff's abuse of process claims, and rejecting the plaintiff's continuing violation argument, where the last alleged act was untimely); see also Estreicher v. Oner, 148 A.D.3d 867, 868 (2d Dep't 2017) (observing that for IIED claim that the final alleged act must occur within the statute of limitations period for continuing violation doctrine to apply).

**B.      Plaintiffs Cannot Rescue Any Time-Barred SHRL or CHRL Claims By Erroneously Invoking the Continuing Violation Doctrine.**

3

In their opposition, plaintiffs similarly attempt to rescue any time-barred SHRL and CHRL claims by invoking the continuing violation doctrine. See Pls. Opp'n, at 19-20. However, beyond merely reciting the doctrine, plaintiffs offer no argument as to why the doctrine is applicable to the SHRL or CHRL claims in this matter. See id. Nevertheless, because the SAC primarily references a series of discrete, alleged, discriminatory adverse actions, the continuing violation doctrine is inapplicable. See Birch v. City of N.Y., 675 F. App'x 43, 44-45 (2d Cir. 2017) (where complaint based primarily on discrete acts such as punitive transfers, undesirable assignments, and poor performance reviews, such acts are not actionable if time-barred).

### POINT III

### PLAINTIFFS' REMAINING TIMELY COMMON LAW CLAIMS MUST BE DISMISSED

As discussed in Point II above, all of plaintiffs' claims sounding in tort or fraud must be dismissed as time barred. However, even if these claims were not time-barred, they still must be dismissed for the reasons discussed at length in defendants' opening brief.

Plaintiffs argue that, because they are seeking "punitive and special damages" from the defendants as employers of City employees, their claim for negligent hiring, training and supervision can proceed. See Pls. Opp'n, at 16. However, in relying on Karoon v. New York City Transit Authority, plaintiffs commit the exact error they level at defendants in citing that case – they do not acknowledge the conclusion of the holding, which states that "The Court of Appeals has clearly held that the State and its political subdivisions . . . are not subject to punitive damages." See Karoon v. New York City Transit Authority, 241 A.D.2d 323, 324 (1st Dep't 1997). The same is true for the City. See Dorian v. City of New York, 129 A.D.3d 445, 445-46 (1st Dep't 2015) ("punitive damages are not recoverable against a state or its political subdivisions, which includes

4

a municipality"). As such, plaintiffs' claim negligent hiring, training and retention and other claims in the SAC against the City under a theory of *respondeat superior* should be dismissed.

With respect to plaintiffs' claim for intentional infliction of emotional distress, plaintiffs acknowledge both that "[i]ntentional infliction of emotional distress claims against government bodies are barred as a matter of public policy" and that, even where courts have reached the merits of an intentional infliction of emotional distress claim, the "threshold of 'outrageousness' is difficult to reach. See Pls. Opp'n, at 17. Aside from these admissions, plaintiffs merely re-cite their allegations concerning the inspections at their residences and state that these inspections were designed to "harass the Plaintiffs and their family and to retaliate against Plaintiff Annam". See id. These allegations hardly rise to the level of extreme and outrageous conduct, severe emotional distress, intent to cause that distress, and that any of the defendants owed them a "special duty", as required for an IIED claim. See Friedman v. Self Help Cmty. Servs., 647 F. App'x 44, 47 (2d Cir. 2016) (observing that a plausibly pled IIED claim requires allegations of "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society") (internal citation omitted).

Plaintiffs' opposition also fails to rescue their abuse of process. First, none of the alleged actions cited – the inspection of plaintiffs' primary residence, the stop-work order issued as to plaintiffs' primary residence, and the vacate order issued as to plaintiffs' secondary residence – constitute process for purposes of an abuse of process claim. See Curiano v. Suozzi, 469 N.E.2d 1324, 1326 (1984). "While 'process' is defined as a direction or demand that one perform or refrain from doing some prescribed act, it is clear that the judicial process must in some manner be involved". Varela v. Investors Ins. Holding Corp., 185 A.D. 2d 309, 311 (2d Dep't 1992) (citations omitted), aff'd 81 N.Y.2d 218 (1993). Here, plaintiffs do not allege that defendants employed any

type of judicial process in connection with the Primary and Secondary Residences, and they do not contend with defendants' argument that they have failed to assert this element of an abuse of process claim. See generally SAC; Pls. Opp'n, at 13-16. Furthermore, New York State courts have explicitly held that DOB's actions as a general matter – and stop work and vacate orders in particular – do not constitute process for purposes of an abuse of process claim. See LSG 105 W. 28th LLC v. Sinclair, No. 652440/2019, 2020 N.Y. Misc. LEXIS 2547, at *22-23 (Sup. Ct., N.Y. Cty. June 4, 2020) (stop work order); 1768-68 Assoc., L.P. v. City of New York, No. 118222/2009, 2010 N.Y. Misc. LEXIS 5061, at *9 (Sup. Ct., N.Y. Cty., Sept. 28, 2010) (vacate order).

Even if plaintiffs had plausibly pled process – which they have not – plaintiffs' abuse of process claim would still fail. With respect to the second element of an abuse of process claim, Plaintiffs' Opposition rests its claim that defendants intended to harm the plaintiffs on allegations that defendants "sent three inspectors from plaintiff Annam's CSE Unit . . . to inspect the Primary Residence" and engaged in other actions with respect to the inspection of the Primary Residence that plaintiffs believe represented a "conflict of interest" and other violations of DOB policy. See Pls. Opp'n, at 13-14. However, plaintiffs' allegations amount to nothing more than conclusory speculation that DOB's alleged failure to follow its own procedures must mean that DOB and its employees intended to harm the plaintiffs. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). Similarly, Plaintiffs' Opposition attempts to link Plaintiff Annam's "refus[al] to draft a false violation upon a DOB registered architect" to the inspections and orders issued as to his Primary and Secondary Residences. See Pls. Opp'n, at 15. These tenuous and, indeed, conspiratorial allegations fall far of the "line from conceivable to plausible", and as such, plaintiffs' abuse of process claim must be dismissed. See Twombly, 550 U.S. at 570.

6

# POINT IV

## PLAINTIFFS' REMAINING TIMELY SHRL AND CHRL DISCRIMINATION CLAIMS MUST BE DISMISSED

**A. Plaintiffs Cannot Assert a SHRL or CHRL Retaliation Claim For the First Time In Opposition to Defendants' Motion to Dismiss.**

In the SAC, plaintiffs assert a retaliation claim under § 1983. See SAC ¶¶ 3, 6, 153-62. However, to the extent Plaintiffs' Opposition can be construed to belatedly assert a retaliation claim under the SHRL and CHRL, these claims must be dismissed, as "a party is not entitled to amend its complaint through statements made in its motion papers". Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998) (finding that the plaintiff was not entitled to assert a new claim in opposition to the defendant's motion to dismiss); see generally Pls. Opp'n, at 22-24.

**B. Plaintiffs Fail to State a Claim of Race Discrimination Under the SHRL.**

Plaintiffs do not contest that plaintiff Afroz is not, and has never been, an employee of defendants. As such, her claims for discrimination must be fully dismissed.

In opposition to Defendants' Motion, plaintiff Annam clarifies that he is claiming that the following actions alleged in the SAC constitute adverse employment actions: (1) a negative Probation Evaluation Form (SAC ¶ 31; Pls. Opp'n, at 24); (2) a transfer from the CSE to CSC, a less prestigious unit (SAC ¶¶ 52-53; Pls. Opp'n, at 22-23); (3) that the role of assistant chief engineer went to a white male upon Annam leaving the CSE (SAC ¶ 58; Pls. Opp'n, at 23); and (4) that Defendant Shamash prevented Annam from obtaining employment at another City agency, DDC. (SAC ¶ 80, Pls. Opp'n, at 23).

First, plaintiff Annam's allegations regarding his Probation Evaluation Form do not rise to the level of an adverse employment action. See Hernandez v. Dept of Sanitation, 18 Civ. 1808 (LGS), 2018 U.S. Dist LEXIS 184906, at *6 (S.D.N.Y. Oct. 29, 2018). Plaintiff's transfer

7

from CSE to CSC similarly does not qualify as an adverse employment action. Aside from plaintiffs' conclusory and unsupported assertion that CSC is "less prestigious" than CSE, there are no facts pled in the SAC which suggest that plaintiff received a decrease in pay or responsibilities, or was otherwise subjected to anything "more disruptive than a mere inconvenience or an alteration of job responsibilities." Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003) (quoting Galabya v. New York City Bd. of Educ., 202 F. 3d 636, 640 (2d Cir. 2000)). Moreover, plaintiff Annam's belated attempt to fashion his transfer as a "demotion" in his opposition to defendants' motion, this argument is unavailing, as a demotion was not alleged in the SAC and should not be considered. See Wright, 152 F.3d at 178; Backus v. U3 Advisors, Inc., No. 16-8990, 2017 U.S. Dist. LEXIS 132829, *14-15 (S.D.N.Y. Aug. 18, 2017) (declining to consider, in ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss where the plaintiff was represented by counsel, "factual allegations contained in Plaintiff's opposition").

Furthermore, to the extent plaintiff Annam has alleged any adverse employment actions, he has not alleged any facts that suggest that he was subjected to an adverse action *because* of his identified race, Muslim American Bangledeshi. See Lucio v. N.Y.C. Dep't of Educ., 575 F. App'x 3, 5 (2d Cir. 2014). Instead, plaintiffs assert, in a conclusory manner, that "Defendants provide more favorable treatment [to] white employees over employees of color" Pls. Opp'n, at 25 (internal citation omitted). However, as discussed at length in defendants' opening brief, plaintiffs' allegations that defendants are of a different race than plaintiff Annam and other alleged non-white employees do not, on their own, suggest that any of the matters about which he complains were due to his race. See Hitchins v. New York City Dep't of Educ., 11 Civ 4180, 2013 U.S. Dist. LEXIS 85696, at *2-3 (E.D.N.Y. June 18, 2013) (granting motion to dismiss where the plaintiff "failed to allege any facts to suggest discrimination on the basis of his race or national

8

origin or to identify any link between some discriminatory conduct and an adverse employment action" and finding "plaintiff's allegations merely 'cite to his mistreatment' and ask the court to conclude that it must have been related to his race or national origin.").

Likewise, plaintiff Annam fails to plausibly plead an inference of discrimination by failing to allege that he was treated less favorably than a similarly situated employee. See Ellis v. N.Y.C. Dep't of Educ., 19 Civ. 1441 (LAP), 2020 U.S. Dist. LEXIS 42446, at *9 (S.D.N.Y. Mar. 11, 2020) (Complaint fails to establish both specific individuals as comparators and the material respects in which they were similarly situated but treated differently). With respect to plaintiff Annam's argument that he was "bypassed for promotion" to the position of Assistant Chief Engineer of CSE in favor of a white employee, plaintiff Annam does not argue that he applied for or expressed interest in the position of Assistant Chief Engineer of CSE, which, alone defeats his claim. See Rogers v. Fashion Inst. of Tech., 14 Civ. 6420 (AT), 2016 U.S. Dist. LEXIS 30498, at *9 (S.D.N.Y. Feb. 26, 2016) ("a plaintiff must allege that she applied for a specific position or positions and was rejected therefrom") (internal quotation marks omitted). Furthermore, nor was he even assigned to CSE when the position was vacated and then filled, further undermining his claim that he was the "most senior CSE Engineer" and therefore, in his own estimation, the most qualified. See Pls. Opp'n, at 23. Plaintiff does not offer a single detail about the individual who assumed the position other than his perceived race, and plaintiff's belief that he was "the third most senior engineer at CSE". See id.

Plaintiff Annam's claim that Defendant Shamash prevented him from obtaining a position at another City agency, DDC, should similarly fail, as there is no suggestion anywhere in the SAC or in Plaintiffs' Opposition that, even assuming Shamash interfered with plaintiff

9

Annam's employment prospects at DDC, Shamash was in any way motivated by plaintiff's race. See SAC ¶ 80; Pls. Opp'n, at 23-24.

**C.     Plaintiffs Fail to State a Claim of Race Discrimination Under the CHRL**

Plaintiff Annam also, for the reasons set forth above, fails to allege facts plausibly showing he was treated less well than any other similarly situated engineer due to his race under the CHRL. See generally SAC. The only set of facts alleged by plaintiff Annam that could be interpreted as plaintiff being treated less well than another similarly situated employee is Austin Allcott being made assistant chief engineer. See id. ¶ 58. However, as discussed in Point II.A above, there is nothing alleged that Annam had applied for the same position Allcott received (i.e. assistant chief engineer), what the requirements were for said position, what qualifications Annam and Allcott had for said position, that Annam and Allcott were similarly situated, or that Annam and Allcott were treated differently at all while employed by DOB. Accordingly, plaintiff's racial discrimination claim under the CHRL must be dismissed.

## CONCLUSION

For the foregoing reasons, defendants respectfully requests that the Court dismiss the SAC and deny the relief sought therein in all respects, and grant such other and further relief as the Court deems just and proper.

Dated:      Nassau County, New York
             October 12, 2022

                                           **HON. SYLVIA O. HINDS-RADIX**
                                           *Corporation Counsel of the City of New York*
                                           Attorney for Defendants
                                           100 Church Street, Room 2-102
                                           New York, New York 10007
                                           (212) 356-2435
                                           lawillia@law.nyc.gov


                               By:                 /s/
                                           Laura C. Williams
                                           Assistant Corporation Counsel