UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

KHAIRUL ANNAM and NAHEED AFROZ,

                          Plaintiffs,

– against –

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF BUILDINGS, MELANIE E. LA ROCCA, Commissioner, TIMOTHY E. HOGAN, MATTHEW MILLNER, LEONID MILLER, YEGAL SHAMASH, GEOFFREY B. EISELE, JOSEPH ACKROYD, KEVIN SCHULTZ, MATTHEW DIBONO, LISTORIEL VASQUEZ,

                          Defendants.

------------------------------------------------------------------ X

**STIPULATION AND PROTECTIVE ORDER**

22 Civ. 02945 (LGS)

**WHEREAS**, plaintiffs have sought certain documents and information from defendants in discovery in this action, which defendants deem to be confidential ("Confidential Material"); and

**WHEREAS**, defendants object to the production of those documents and information unless appropriate protection for their confidentiality is assured;

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

1. As used herein the term "Confidential Materials" shall be defined as all documents or information provided to plaintiffs' counsel by defendants' counsel:

    a. concerning current of former employees of defendants City of New York and New York City Department of Buildings ("DOB"), other than plaintiffs, including but not limited to personnel files,

        disciplinary records, time and attendance records, medical information, investigations, Office of Internal Affairs and Discipline ("IAD") files, and any other documents containing personal information.

    b.    IAD files concerning investigations conducted by DOB's IAD Unit.

    c.    E-mail and other internal communications concerning documents or subject matters identified in paragraphs 1.a and 1.b.

2.    Neither plaintiffs nor their attorneys shall use Confidential Materials for any purpose other than for the preparation or presentation of their case in this action and/or any appeal thereof.

3.    Neither plaintiffs nor their attorneys shall disclose the Confidential Materials to any person except under the following conditions:

(a) Disclosure may be made only if necessary to the preparation or presentation of plaintiffs' case in this action.

(b) Disclosure before trial may be made only to an expert who has been retained or specially employed by plaintiffs in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

(c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with

the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the receiving party and a copy shall be furnished to the disclosing party attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits which contain Confidential Materials referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates Confidential Materials or reveals the contents thereof is filed in this Court, the parties hereto may apply to the Court to file such papers, or portions of papers, under seal only as provided in Judge Schofield's Rule 1.D.3.

6. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

7. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom not constituting privileged material and/or attorney work product, shall be destroyed by the receiving party.

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner; nor shall it be construed to limit defendants' right to make redactions consistent with the Federal Rules of Civil Procedure.

9. Nothing in this Stipulation and Protective Order shall be construed to preclude any party from seeking, either by Stipulation or by Order of the Court, the protection of this Order for other materials reasonably deemed to be "Confidential Materials."

10. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

[Remainder of Page Intentionally Left Blank]

11.  A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated:    New York, New York
          December 13, 2022

| | |
|---|---|
| **DAVIS, NDANUSA, IKHLAS & SALEEM LLP** <br> Attorney for Plaintiffs <br> 26 Court Street, Suite 603 <br> Brooklyn, New York 11242 <br> (718) 783-6819 <br> mndanusa@dnislaw.com <br><br> By:_____ <br>     Mustapha Ndanusa | **HON. SYLVIA O. HINDS-RADIX** <br> Corporation Counsel of the <br>  City of New York <br> Attorney for Defendants <br> 100 Church Street, 2nd Floor <br> New York, New York 10007 <br> Tel:  (212) 356-2435 <br> lawillia@law.nyc.gov <br><br> By: _Laura C. Williams_ <br>     Laura C. Williams <br>     Assistant Corporation Counsel |

The parties are apprised that the Court retains discretion as to whether to afford confidential treatment to sealed or redacted information in Orders and Opinions.

**SO ORDERED:**

Dated: December 14, 2022
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 202_ in the action entitled *Khairul Annam, et al. v. City of New York, et al.*, 22 Civ. 2945 (LGS), or has been advised of its provisions or contents, and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| | _____ |
| | Print Name |
| | _____ |
| | Occupation |