```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KHAIRUL ANNAM, et al.,                        :
                        Plaintiffs,           :
                                              :         22 Civ. 2945 (LGS)
            -against-                         :
                                              :         OPINION AND ORDER
                                              :
CITY OF NEW YORK, et al.,                     :
                        Defendants.           :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Khairul Annam and Naheed Afroz bring this action against Defendants City of New York, New York City Department of Buildings ("DOB") and ten individuals employed by DOB. This action arises from an allegedly racially discriminatory incident involving Plaintiff Annam's employment at DOB, and subsequent retaliation against Plaintiffs. Plaintiffs' Second Amended Complaint (the "SAC") includes three federal causes of action alleging a violation of the U.S. Constitution under 42 U.S.C. § 1983, as well as multiple state and municipal law claims. Defendants move to dismiss the SAC in its entirety. For the reasons below, Defendant's motion is granted.

\*   \*   \*

"Federal courts are not courts of general jurisdiction." *Cangemi v. United States*, 13 F.4th 115, 135 (2d Cir. 2021) (internal quotation marks omitted). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 187 (2d Cir. 2022) (internal quotation marks omitted). "A federal court has authority to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over claims not within federal jurisdiction only if there is a related claim

that properly invokes the court's subject matter jurisdiction." *Oneida Indian Nation v. Phillips*, 981 F.3d 157, 170 n.62 (2d Cir. 2020).

In this case, the Court's subject matter jurisdiction is based on federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law and municipal law claims. Defendants' motion to dismiss is granted because Plaintiffs abandoned their federal constitutional claims and, in the absence of these claims, the Court declines to exercise supplemental jurisdiction over the state law causes of action.

In Defendants' Memorandum of Law in support of their motion to dismiss, they argue that Plaintiffs' claims brought under 42 U.S.C. § 1983 should be dismissed, because the SAC fails to plead a municipal policy or custom of unconstitutional action as required by *Monell v. Dep't of Soc. Servs.  See* 436 U.S. 658, 694 (1978) (holding that a municipal entity is only liable under § 1983 when "execution of a government's policy or custom . . . inflicts the injury"). They further argue the SAC does not identify a protected liberty interest under the Due Process Clause or plead differential treatment on the basis of membership in a protected class under the Equal Protection Clause. In their Memorandum of Law in opposition to Defendants' motion, Plaintiffs do not address Defendant's arguments regarding their federal constitutional claims.

"[W]hen a party fails adequately to present arguments in a brief, a court may properly consider those arguments abandoned, especially in the case of a counseled party where a court may infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned[.]" *Malik v. City of New York*, 841 F. App'x 281 (2d Cir. 2021) (summary order) (internal quotation marks, citation and ellipsis omitted); *accord Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020) (summary order) ("As a general matter, district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in

opposition at the motion to dismiss stage."); *DoubleLine Capital LP v. Odebrecht Finance, Ltd.*, 323 F. Supp. 3d 393, 449 (S.D.N.Y. 2018) (collecting cases where plaintiffs were deemed to have abandoned claims by failing to address them in opposing a motion to dismiss). Plaintiffs' federal claims (the Fifth, Sixth and Seventh Causes of Action) are deemed abandoned and are accordingly dismissed.

Alternatively, if considered on the merits, the federal claims are dismissed for failure to plead a municipal policy or custom. The SAC includes only conclusory allegations that "Defendants regularly discriminate against African American and other DOB employees of color based solely on their ethnic background" and that "Defendants additionally favor and promote Caucasian or white DOB employees for no legitimate reason or basis other than their ethnic background." The SAC also alleges that in addition to Annam, other employees were "forced out" or "faced other types of discrimination." "To satisfy the policy-or-custom requirement, a plaintiff may challenge an express rule or regulation, or the plaintiff may allege that the challenged practice was so persistent or widespread as to constitute a custom or usage with the force of law or that the facts imply the constructive acquiescence of senior policy-making officials." *Green v. Dep't of Educ.*, 16 F.4th 1070, 1077 (2d Cir. 2021) (internal quotation marks omitted). The SAC does not identify an express rule nor does it allege facts that, if true, would show a persistent or widespread practice. The SAC therefore does not satisfy the pleading requirements for municipal liability under § 1983. The federal claims that provide a basis for supplemental jurisdiction are dismissed.

Plaintiffs' remaining claims arise under state or municipal law. "[A] district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). "[I]n the

usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (internal quotation marks omitted); *accord Thorne v. Boston Market Corp.*, 469 F. Supp. 3d 130, 147 (S.D.N.Y. 2020). The Court declines to exercise supplemental jurisdiction, as this case is in relatively early stages and allowing state courts to hear state law claims promotes comity between the federal and state courts. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 404-05 (2d Cir. 2017) (Calabresi, J., concurring) ("[T]he default rule is that federal courts should not decide related state-law claims unless there is good reason for doing so. . . . [O]ur circuit takes a very strong position that state issues should be decided by state courts."). Accordingly, Defendants' motion to dismiss is granted with respect to all remaining claims.

*     *     *

For the reasons given above, Plaintiffs' claims are **DISMISSED**, without prejudice to refiling in state court. The parties' joint request for an extension of time to complete discovery is **DENIED** as moot.

The Clerk of Court is respectfully directed to close the motions at Dkt. 34 and Dkt. 43 and to close the case.

Dated: January 4, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE